## KENT ET AL. *v.* SIGLER ET AL.

[No. 19,635.    Filed January 17, 1901.    Rehearing denied March 18,
1902.]

COUNTIES.—*Relocation of County Seat.*—*Newton County.*—The act of
1899 for the relocation of the county seat of Newton county (Acts
1899, p. 210) provided that in case an election for the relocation
of the county seat was not held within two years from the taking
effect of the act, or a petition filed therefor within one year, it
should be the imperative duty of the board of commissioners,
upon petition, to erect a court-house at the present county seat.
To a petition for the relocation of the county seat an answer was

Kent *v.* Sigler.

filed alleging that the petition was not filed or presented for more than a year after the taking effect of the act, and that at such time a new court-house had been ordered erected by the board of commissioners in conformity to said act. *Held,* that the only consequence annexed to the failure to vote upon the question of relocation within two years, or to file a petition within one year from the taking effect of the act, is that the board may be compelled to erect a court-house at the present county seat, but should the court-house be ordered, or erected, nothing in the act would prevent the board, at any time, from ordering an election, upon proper petition, for the relocation of the county seat.

From Newton Circuit Court; *S. P. Thompson,* Judge.

Petition by George Sigler and others for the relocation of the county seat of Newton County. Carrol C. Kent and others filed answer, and, upon such answer being held insufficient by the board of commissioners, appealed to the circuit court. The court sustained a demurrer to the answer and rendered judgment thereon, and defendants appeal. *Affirmed.*

*E. P. Hammond, W. V. Stuart, D. W. Simms, F. A. Comparet, J. Higgins* and *T. B. Cunningham,* for appellants.

*E. B. Sellers* and *W. E. Uhl,* for appellees.

Dowling, J.—The appellees filed with the auditor of Newton county their petition to the board of commissioners, under the act of March 2, 1899 (Acts 1899, p. 210), for the relocation of the county seat of said county at Goodland. The appellants appeared to the petition, and filed their answer. The board held the answer insufficient, and, after finding that the petition was signed by the requisite number of legal voters and freeholders of the county, and that a bond had been filed as required by the statute, ordered an election to be held on January 30, 1901, to determine whether the county seat should be relocated at Goodland. From this order the defendants below appealed to the Newton Circuit Court. An amended answer was filed, showing that two unsuccessful efforts had been made under the statute to relocate the county seat; that on October 1, 1900, no

petition for a relocation of the county seat being pending, the appellants, some 558 in number, and having the statutory qualifications therefor, filed with the auditor, and presented to the board, their petition for the erection of a court-house at Kentland, the established county seat; that said board caused the said petition to be entered upon its records, and, after hearing the evidence, found that it was properly signed; that the board adjourned its further proceedings upon the said petition until October 6, 1900; that on said last named day the board ordered that the petition be granted, and that a court-house, etc., be erected at Kentland at a cost not exceeding $10,000, and that the auditor advertise for plans and specifications for said building; that said sum of $10,000 was less than eight-tenths of one per cent. of all the taxable property of the county; that the auditor advertised for plans and specifications as the statute required; that the plans and specifications were filed in the office of the auditor November 3, 1900; and that due proof of such notice was filed with the board, which thereupon, of its own motion, continued the further consideration of said matter until its December session, 1900. The amended answer further averred that the petition of the appellees for an election to relocate the county seat at Goodland was filed with the county auditor at 9 o'clock a. m. of October 6, 1900, and was presented to the board on November 5, 1900, at 10 o'clock a. m., but was not acted upon by the board until all of the proceedings aforesaid for the erection of a court-house at Kentland were had and entered of record; and that said petition for such relocation was not filed or presented for more than one year after the taking effect of the act of March 2, 1899. The answer ends with the allegation that the said petition for the relocation of the county seat at Goodland was presented too late for lawful action thereupon by the board. A demurrer to the answer was sustained by the court, and judgment was entered thereon. The errors assigned question the sufficiency of the

petition for the relocation of the county seat at Goodland, the jurisdiction of the board to act upon that petition, and the ruling upon the demurrer to the answer.

Counsel for appellants contend that by §§4, 17, and 18 of the act of March 2, 1899, all petitions for relocating the county seat were required to be filed within one year, and voted upon within two years, after the taking effect of the act; and that at the expiration of that time the petitioners for the erection of a new court-house at Kentland had the exclusive right to be heard. Counsel for appellees insist that under the act of March 2, 1899, petitions for the relocation of the county seat of Newton county may be filed at any time, and that §§17 and 18 are void, because in conflict with clause 10, §22, of article 4 of the Constitution of the State, which prohibits local or special laws regulating county business. Counsel for appellants reply that, if §§17 and 18 are unconstitutional, the whole act must be held void, because all the other parts of the act are dependent, conditional, or connected with §§17 and 18, and must fall with them.

Upon a careful reading of the sections of the act which are supposed to sustain the views of the appellants, we find nothing in them limiting the time for filing petitions for the relocation of the county seat of Newton county to one year after the taking effect of the act of March 2, 1899. The only provision bearing upon this question is the following: "§18. In case an election for the relocation of the said county seat as hereinbefore provided for is not held within two years from the time of the taking effect of this act, or a petition filed therefor within one year, it shall be the imperative duty of the board of commissioners of said county upon the presentation of a petition of 500 legal voters, 200 of whom shall be freeholders of said county, praying for the erection of a court-house, to order the erection of a proper and suitable court-house at the present county seat."

The only consequence annexed to a failure to vote upon the question of relocation within two years, or to file a petition within one year, from the time of the taking effect of the act is that the board may in that case be compelled to erect a court-house at Kentland, the present county seat. Should such new court-house be ordered, or even erected, nothing in the act would prevent the board at any time from ordering an election, upon proper petition, for the relocation of the county seat. · An order for the erection of a court-house does not make Kentland the permanent county seat of Newton county. No objection to the sufficiency of the petition for the relocation of the county seat at Goodland has been pointed out, except that it was not filed in time. For the reasons above stated, this objection cannot prevail.

A decision upon the question of the constitutionality of §§17 and 18 is not necessary to the determination of this case, and therefore that question will not be considered. Neither do we intimate an opinion upon any constitutional objection which may be taken to any other section or provision of the said act.

Upon the questions presented and discussed we find no error in the record. The judgment therefore is affirmed.