## MURRAY v. COTTRELL.

[No. 11,597. Filed November 22, 1923.]

1. APPEAL. — *Review.* — *Verdict.* — *Evidence.* — *Record.* — *Sufficiency.*—*Measure of Damages.*—On appeal from the judgment in an action for personal injuries, where some of the evidence as to the extent of plaintiff's injuries has been omitted from the records, an appellate tribunal will assume that the omitted testimony, when considered with the other evidence on that subject, was sufficient to justify the jury in fixing plaintiff's damages at the amount named in the verdict. p. 523.

2. TRIAL.—*Personal Injuries.*—*Erroneous Instructions.*—*Cured by Other Instructions.*—*Amount of Recovery.*—In an action by a minor for personal injuries, an instruction giving the substance of the complaint, in which the court told the jury that it was alleged in the complaint that the plaintiff had been permanently disabled and still suffered severe pain preventing him from engaging in manual labor, was not misleading where the court also instructed the jury that, in fixing the amount of the damages, it could take into consideration the extent of his injuries, the bodily pain and suffering theretofore endured, if any, and such pain, if any, as he might thereafter suffer, and if the jury found that his injuries were permanent, it might also consider his loss, if any, because of his permanent impairment of his physical powers. p. 524.

3. TRIAL.—*Erroneous Instructions.*—*Cured by Other Instructions.*—*Burden of Proof.*—*Contributory Negligence.*—*Evidence.*—*Weight and Sufficiency.*—In an action for personal injuries, an instruction that the burden was on the defendant to establish by a preponderance of all the evidence in the case that the plaintiff was guilty of contributory negligence is not erroneous where the court clearly informed the jury in other instructions that in determining whether the plaintiff was guilty of contributory negligence, it should consider all the evidence, and that if it found, from all the evidence, that he had been guilty of contributory negligence, he could not recover. p. 525.

4. HIGHWAYS.—*Excessive Speed.*—*Negligence.*—*Evidence.*—*Sufficiency.*—*Instruction.*—In an action for damages for personal injuries resulting from a collision of plaintiff's buggy and defendant's automobile on a public highway, evidence *held* sufficient to justify an instruction as to excessive speed while going around a curve in the road. p. 526.

5. TRIAL.—*Incomplete Instructions.*—Where an instruction given by the court is incomplete and not as specific as it should have

been, the objecting party should prepare and tender such an instruction as he believes should be given on the subject.  p. 527.

6.  TRIAL.—*Instructions.—Refusal.—Harmless Error.*—It is not error to refuse to give instructions that are covered by other instructions given.  p. 527.

7.  EVIDENCE.—*Expert Testimony.— Complaints of Pain.— Competency.*—Complaints of pain made by an injured person to a physician who is examining him are competent evidence, regardless of whether the examination is being made to qualify the physician to testify as to such injuries.  p. 528.

8.  TRIAL.—*Misconduct of Counsel.—Harmless Error.*—Misconduct of counsel in asking a witness whether he had read in the papers that the defendant had taken a change of venue from the county in which he lived is harmless error where the court sustained an objection to the question and admonished the jury to disregard the matter.  p. 529.

From Vigo Superior Court; *William T. Gleason,* Judge.

Action by Ansel Dewey Cottrell against David R. Murray.  From a judgment for plaintiff, the defendant appeals.  *Affirmed.*

*Beasley, Douthitt, Crawford & Beasley* and *James Douglas,* for appellant.

*Maxwell & McFadden, H. B. Aikman, McNutt, Wallace, Harris & Randel,* for appellee.

McMAHAN, C. J.—Appellee recovered judgment against appellant for $1,500 on account of personal injuries received in a collision between appellee's buggy and an automobile driven by appellant.  The only error assigned relates to the overruling of appellant's motion for a new trial.

No question is raised as to the sufficiency of the evidence to sustain the verdict.  Appellant however contends that the damages assessed by the jury are excessive.  In this connection appellant insists appellee was not materially injured or damaged—that he is malingering.  Appellee testified that his left leg was cut and bruised; that he had scratches and bruises on his right

leg and body; that he never suffered with pain in his legs before the accident; that since the accident he has suffered all the time; that he can't rest at night and has pain in left leg when he tries to work; that he can't do a day's work because of the pain; that it was three or four weeks after the accident before the cut place healed. Other witnesses, including appellee's father and mother, testified concerning the effect of the injuries. Six physicians, some of whom were appointed by the court to examine appellee, testified as to the nature and extent of the injuries. None of the testimony of these physicians is set out in appellant's statement of the evidence.

Without entering into a discussion of the evidence relative to the extent of appellee's injuries, we will in the absence of the testimony of the physicians

1. who examined appellee as to the nature and extent of such injuries, assume that the testimony of such witnesses when considered with the testimony of the other witnesses was sufficient to justify the jury in fixing appellee's damages at the amount named in the verdict.

Appellant complains of instruction No. 1, given at the request of appellee, wherein the substance of the complaint was set out. The court in this instruction told the jury that it was alleged in the complaint that appellee had been permanently disabled and still suffered severe pain preventing him from engaging in manual labor and causing him to incur an expense of $100 for medicine.

Appellee was a minor when this action was commenced, and appellant contends that there was no evidence that he had been emancipated; that his earnings belonged to his father and that it was error for the court to refer to the allegation relative to the disability of appellee to engage in manual labor. At the

request of appellant, the court instructed the jury that appellee was not entitled to recover anything because of money expended for medicine. The court in another instruction relating to the measure of damages correctly informed the jury that, in fixing the amount of such damages, it could take into consideration the extent of his injuries, the bodily pain and suffering theretofore endured, if any, and such pain, if any, that he might thereafter suffer, and if the jury found that his injuries were permanent, it might also consider his loss, if any, because of the permanent impairment of his physical powers.

No instruction was given the jury in relation to appellee's right to recover for loss of time during his minority. Appellee was over twenty-one years of age at the time of the trial. If appellant had tendered an instruction to the effect that appellee could not recover anything because of loss of time or earning capacity during his minority in the absence of any evidence that he had been emancipated, the court doubtless would have given the same. We do not think that appellant's contention that the instruction as given was misleading in that the jury was thereby given to understand that the allegation in reference to medical expenses and loss of earning power authorized a recovery for such expenses and loss during the period of appellee's minority.

In instruction No. 9, the court told the jury that upon the issue of contributory negligence, the burden was on appellant to establish by a fair preponderance of all the evidence in the case, that appellee was guilty of contributory negligence, and that, unless appellant had done this, its finding should be in favor of appellee upon that issue. Appellant insists that the court erred in giving this instruction and in support of this contention cites *City of Indianapolis* v. *Cauley* (1905), 164

Ind. 304, 73 N. E. 691; *Indianapolis St. R. Co.* v. *Taylor* (1902), 158 Ind. 274, 63 N. E. 456, and other similar cases.

This instruction, when considered in connection with the other instructions given, is not subject to the objection urged by appellant. The jury, in a number of instructions, were clearly informed that, in determining whether appellee was guilty of

3. contributory negligence, it should look to the whole of the evidence, and if it found from all the evidence that appellee had been guilty of contributory negligence he could not recover. In fact, the instruction now under consideration clearly told the jury that in passing upon the question all the evidence in the case should be considered. On the authority of *New Castle Bridge Co.* v. *Doty* (1906), 168 Ind. 259, 79 N. E. 485, we hold there was no error in giving this instruction. See, also, *Town of Winamac* v. *Stout* (1905), 165 Ind. 365, 75 N. E. 158, 651.

The court, after having called the attention of the jury to the statute which provides that no person shall drive or operate a motor vehicle upon a public highway at a speed greater than is reasonable or prudent having regard to the traffic and the use of the way or so as to endanger the life or limb or injure the property of any person, instructed the jury that the statute also provided that if the rate of speed of a motor vehicle driven on a public highway in going around a corner or curve in the highway where the operator's view of the road traffic is obstructed, exceeds six miles an hour, such rate of speed shall be *prima facie* evidence that the person operating such vehicle was driving at a rate of speed greater than is reasonable, having regard to the traffic and use of the road.

Appellant contends that:    (1) There was no evidence that he was driving his automobile in excess of six

miles an hour in going around a corner or curve; (2) there was no evidence tending to show that the rate of speed when he was going around the corner or curve was the proximate cause of the accident; and (3) that the complaint did not present any issue as to the rate of the speed of his automobile when going around a corner or curve.

We cannot agree with appellant in these contentions. The collision occurred between 8:30 and 9 p. m. Appellant testified that he passed under a railroad bridge a short distance from where the accident happened; that after getting under this bridge the road runs southwest and curves around and straightens up and then turns again to go onto a wagon bridge; the collision took place about 250 feet from the wagon bridge and 350 feet from the railroad bridge; just before he collided with appellee's buggy, another person driving a horse hitched to a buggy ran into him and struck his automobile; he did not see the first horse and buggy until after he collided with it and did not see appellee until after the collision with the other buggy; in coming down the road before the collision, he was going at a rate of from eight to ten miles an hour; the horse and buggy were traveling in the center or a little to the left of the center of the road; the lights on his automobile were burning and when going southwesternly the lights were practically across the river to the right of the road; when he straightened up in the road, he struck the boy; didn't get straightened up until he struck the boy; if the buggy had been in front of him, he would have seen it. Appellant also testified that the trees along the side of the road between the two bridges made it very dark on the highway; that he did not get straightened up in the road from going under the railroad until the collision and that as the lights came around he came in contact with the

buggy. Other witnesses testified that just before the collision appellant was going at a speed of eighteen miles an hour. In view of the general charge of negligence, the evidence was sufficient to warrant the court in giving this instruction.

Appellant next contends that the court erred in giving instruction No. 13, heretofore referred to. Appellee in his complaint alleged that he had been permanently disabled. The part of the instruction of which appellant complains related to permanent injuries and permanent impairment of physical powers, and informed the jury, in case it found for appellee, it should allow him such a sum as would compensate him for such injuries. We do not think this instruction was such as would lead the jury to infer that it might allow appellee anything because of loss of wages prior to the time when he reached his majority. If the instruction was incomplete and not as specific as appellant thought it should have been, he should have tendered such an instruction as he believed should have been given on the subject. The accident took place in September, 1920. This action was commenced in February, 1921. The trial was had in May, 1922. Appellee was twenty-one years old in July, 1921.

Appellant complains of the action of the court in refusing to give instructions Nos. 32, 35, 42 and 44 as requested. These instructions, so far as they correctly stated the law, were sufficiently covered by other instructions which were given. No. 35 if given would have been misleading and confusing and was properly refused, while Nos. 42 and 44, by omitting the element of ordinary care, threw a greater burden on appellee than the law required. The instructions as a whole were quite favorable to appellant.

There was no error in permitting witnesses to tes-

tify as to the condition of appellee's right leg. Such evidence was within the issues. Dr. Pearre tes-

7. tified that he made an examination of appellee a few days before the trial, and in describing the examination was asked what he discovered in relation to pain on the part of appellee, and stated that when he came to examine a depression which he found in the bone, appellee complained of pain. Appellant objected to the question which elicited this statement on the ground that it was not shown whether the discovery was made from statements of appellee or from the observation of the witness. After this objection was overruled and the witness had answered that appellee complained of pain, appellant moved to strike out the statement that he complained of pain for the reason that it was made in the absence of appellant and was hearsay. Appellant now insists that it was error to overrule his objection to the question and to overrule the motion to strike out, upon the theory that it is not proper to admit complaints of pain made by a party to a physician while the latter is making an examination of the party, not for purposes of treatment but in order to enable the physician to testify as a witness. Whatever may be the rule in other states concerning the admissibility of the fact that the party made complaints of pain under such circumstances, the rule in this state is that the fact that the party complained of pain, is admissible. In *Chicago, etc., R. Co.* v. *Spilker* (1893), 134 Ind. 380, 395, 33 N. E. 280, 285, the court in discussing this question said: "The fact that such physician was employed by appellee to make such examination to enable him to inform himself before testifying, may affect the credibility of his testimony, but does not make it incompetent."

And moreover, when the motion to strike out was made, the evidence did not show that the examination

made by the witness was not made for the purpose of treatment.

Appellant also contends that the cause should be reversed because of misconduct of counsel for appellee in asking a witness on cross-examination

8. whether he had read in the newspapers that appellant had taken a change of venue from the county where he lived. Appellant objected to the question and moved the submission be set aside. The objection to the question was sustained and the motion to set aside the submission overruled, at which time the court instructed the jury to disregard the matter. While the question was not proper and should not have been asked, we do not think the conduct of counsel amounts to reversible error.

Judgment affirmed.