## HOLMES *v.* BUELL.

[No. 12,484. Filed October 8, 1926. Rehearing denied December 15, 1926.]

1. APPEAL.—An appellant may not complain that instruction did not fully state the issues where he tendered none that did fully embrace them. p. 467.

2. TRIAL.—An instruction that it was necessary for the plaintiff to establish the material allegations of his complaint by a preponderance of all the evidence was not error. p. 468.

From Rush Circuit Court; *Will M. Sparks,* Judge.

Action by Harley D. Holmes against Albert Buell. From a judgment for defendant, the plaintiff appeals. *Affirmed.* By the court in banc.

*Chauncey W. Duncan, Richard Landers* and *O. S. Boling,* for appellant.

*John A. Titsworth* and *Russell B. Titsworth,* for appellee.

NICHOLS, J.—Action by appellant against appellee to recover damages alleged to have been sustained resulting from certain alleged acts of appellee alienating the affections of appellant's wife and child.

There was a trial by jury, which resulted in a verdict for appellee, on which, after appellant's motion for a new trial was overruled, judgment was rendered.

The only error assigned is the action of the court in overruling appellant's motion for a new trial, under which appellant complains that the court erred in giving certain instructions.

Appellant contends that instruction No. 1 does not fully state the issues to the jury. We do not think the instruction defective in this regard; but even if it were, appellant tendered no instruction that more fully embraced the issues. Therefore, he may not be heard to complain. *Indianapolis Traction, etc., Co.* v. *Hensley* (1917), 186 Ind. 479, 490, 115 N.

E. 934; *Murray* v. *Cottrell* (1923), 80 Ind. App. 521, 527, 141 N. E. 524.

Instruction No. 2 was not erroneous because it informed the jury that it was necessary for appellant to establish the material allegation of his complaint by a preponderance of all of the evidence. *Renard* v. *Grande* (1902), 29 Ind. App. 579.

In the absence of the evidence, which is not in the record, we cannot say that other instructions given were erroneous.

Judgment affirmed.