**SHAND MINING, INC., Appellant–Defendant,**

v.

**CLAY COUNTY BOARD OF COMMIS-SIONERS and Clay County Highway Department, Appellees–Defendants.**

No. 11A01–9604–CV–123.

Court of Appeals of Indiana.

Oct. 7, 1996.

Rehearing Denied Feb. 13, 1997.

John B. Drummy, Philip Linnemeier, Eric D. Johnson, Kightlinger & Gray, Indianapolis, for Appellant–Defendant.

Edward J. Liptack, Douglas A. Hoffman, Miller, Carson, Boxberger & Murphy, Bloomington, for Appellees–Defendants.

## OPINION

BAKER, Judge.

Appellant-defendant Shand Mining, Inc. appeals the trial court's grant of summary judgment in favor of appellee-defendant Clay County Board of Commissioners and Clay County Highway Department (Clay County). Specifically, Shand Mining claims the trial court erred in finding that Clay County was immune from liability pursuant to IND. CODE §§ 34–4–16.5–3(6), (9) and (16),[1] which grant immunity to governmental entities in their performance of governmental functions. In response, Clay County contends that Shand Mining does not have standing to pursue this appeal.

### FACTS

On March 17, 1994, Teea Lunsford and her passenger, Maria Lunsford, were injured when their car left Harmony Road in Clay County, Indiana, dropped approximately two feet, collided with a phone junction box and utility pole, and overturned on an earthen embankment. On February 3, 1995, the Lunsfords filed a complaint against Clay County and Shand Mining, alleging that they breached their duty to maintain Harmony Road. In response, Clay County filed a cross-claim against Shand Mining which alleged that Shand Mining was contractually obligated to maintain the road pursuant to an Agreement for Road Usage (Maintenance Agreement) entered into between Clay County and B & LS Contracting, Inc., Shand Mining's predecessor-in-interest, on May 1, 1989. Further, Clay County alleged that pursuant to the Maintenance Agreement,

1. Pursuant to 1995 amendments, I.C. § 34–4– 16.5–3(16) is now I.C. § 34–4–16.5–3(17).

Shand Mining had agreed to indemnify Clay County against any claims which arose out of the use of the roadway.

Thereafter, on July 31, 1995, Clay County filed a motion for summary judgment contending that it was immune from liability pursuant to I.C. §§ 34-4-16.5-3(6), (9) and (16), which grant governmental entities immunity from liability in their performance of governmental functions. Specifically, Clay County alleged it was entitled to immunity on the following grounds: 1) it made a discretionary decision to delegate its responsibility for maintaining Harmony Road to Shand Mining, 2) the accident was caused by the act or omission of another, and 3) Harmony Road was designed more than twenty years prior to the Lunsfords' accident. On November 7, 1995, the trial court entered what it denominated as findings of fact and conclusions of law granting Clay County's motion. This entry became a final judgment on December 13, 1995. Shand Mining, a co-defendant, now appeals Clay County's dismissal from the lawsuit.

### DISCUSSION AND DECISION

#### I. Standing

■ First, we address Clay County's contention that Shand Mining lacks standing to challenge the trial court's entry of summary judgment. Specifically, Clay County contends that Shand Mining is without standing because it had no direct claim against Clay County in the action and it is not substantially aggrieved by the entry of summary judgment.

■ The issue of standing focuses on whether the complaining party is the proper person to invoke the court's power. *Shourek v. Stirling*, 621 N.E.2d 1107, 1109 (Ind.1993). To have standing, a party must demonstrate a personal stake in the outcome of the lawsuit and must show, at a minimum, it was in immediate danger of sustaining some direct injury as a result of the conduct at issue. *Id.* One defendant does not have standing to appeal a judgment rendered in favor of a co-defendant unless the defendant suffers some

prejudice as a result of the entry of judgment in favor of the co-defendant. *State Highway Commission v. Clark*, 175 Ind.App. 358, 361, 371 N.E.2d 1323, 1326 (1978).

■ Shand Mining argues that due to the advent of the Comparative Fault Act (CFA),[2] it is substantially aggrieved by Clay County's summary dismissal. Under the CFA, a jury is charged with allocating 100 percent of the fault among all culpable parties and non-parties. I.C. § 34-4-33-5. A non-party is a person who caused or contributed to the cause of the alleged injury but who has not been joined in the action as a defendant. I.C. § 34-4-33-2(a)(2). A dismissed party may not be a non-party for purposes of fault allocation. *Handrow v. Cox*, 575 N.E.2d 611, 613 n. 1 (Ind.1991).

■ However, the CFA does not apply to tort claims against governmental entities, such as Clay County. I.C. § 34-4-33-8. As a result, the Lunsfords' claim against Clay County is based upon the common-law principle of contributory negligence, in which any contributory negligence by the Lunsfords acts as a complete bar to their recovery. *Town of Highland v. Zerkel*, 659 N.E.2d 1113, 1120 (Ind.Ct.App.1995). Nevertheless, Shand Mining is still subject to the fault allocation principles of the CFA. Thus, to determine whether Shand Mining is substantially aggrieved Clay County's dismissal from the lawsuit, we must determine whether the jury could have considered Clay County's negligence in allocating fault under the CFA.

■ While it is clear that the CFA is inapplicable to governmental entities, the effect of this inapplicability is not clear in cases involving multiple tortfeasors, some of whom fall under the CFA. Our review of the statute, however, reveals no legislative intent to preclude the joinder of a governmental entity in the fault allocation process. *See* Edgar W. Bayliff, *Drafting and Legislative History of the Comparative Fault Act*, 17 IND. L. REV. 863, 869–70 (1984). Instead, a jury is permitted to consider the governmental entity's negligence in allocating fault between the plaintiff and the other joint tortfeasor, but it is not permitted to consider the joint tortfea-

**2.** IND. CODE §§ 34-4-33-1 to 34-4-33-12.

sor's negligence in determining the governmental entity's liability. *See* James S. Stephenson, *Avoiding the effect of joint liability in claims against governmental entities*, 35 RES GESTAE 362 (Feb.1992). Thus, the dismissal of a governmental entity would harm a non-governmental joint tortfeasor because the jury would not be permitted to allocate any fault to the governmental entity. As a result, Clay County's summary dismissal precludes the jury from assessing any fault against it and potentially leaves Shand Mining to bear the portion of fault which the jury may have allocated to Clay County. Therefore, we find that Shand Mining is sufficiently prejudiced by the summary dismissal of Clay County to have standing to pursue its appeal.

## II.  Summary Judgment

Shand Mining contends the trial court erred in granting Clay County's motion for summary judgment. Clay County moved for summary judgment on the basis of Indiana's governmental immunity statute, I.C. § 34-4-16.5-3(6), (9) and (16). These sections provide immunity to a governmental entity if loss results from the following: 1) the performance of a discretionary function, 2) the act or omission of one other than a governmental entity, or 3) the design of a highway, if the highway was designed more than twenty years before the loss occurred. *Id.*

Summary judgment is appropriate only when no genuine controversy exists. *O'Neal v. Throop*, 596 N.E.2d 984, 986 (Ind.Ct.App. 1992), *trans. denied.* In reviewing the propriety of the grant of summary judgment, this court applies the same standard as the trial court. *Id.* We will affirm the trial court's decision if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show no dispute of material facts or inferences drawn therefrom and the moving party is entitled to judgment as a matter of law. Ind.Trial Rule 56; *Gorski v. Deering*, 465 N.E.2d 759, 761 (Ind.Ct.App.1984). We

also affirm where the trial court's grant of summary judgment is sustainable on any theory or basis found in the record. *Id.*[3]

## A.  Section (16)

■ Shand Mining contends Clay County was not entitled to summary judgment on the basis of I.C. § 34-4-16.5-3(16), which provides that a governmental entity is immune for loss caused by the design of a highway if the loss occurs at least twenty (20) years after the highway was designed. According to Shand Mining, because the complaint is not clear regarding the alleged cause of the accident, there is a reasonable inference that something other than the design of the road caused the Lunsfords' injuries. As a result, Shand Mining argues that a genuine issue of material fact exists regarding whether the design of the highway caused the Lunsfords' injuries. Thus, Shand Mining claims Clay County was not entitled to summary judgment.

In support of its motion for summary judgment, Clay County presented the affidavit of Michael McCullough, a member of the Board of Commissioners of Clay County, who stated that Harmony Road was designed more than twenty years before the Lunsfords' accident and had not been altered or re-designed since that time. R. at 55–56. Other than the allegations of the Lunsfords' complaint, no party, including Shand Mining, presents any evidence contradicting the affidavit or demonstrating that the Lunsfords' claim could relate to a defect caused by a more recent redesign of the road. A complaint is insufficient to establish a genuine issue of material fact to withstand a motion for summary judgment. T.R. 56. As a result, we cannot say that the trial court was incorrect in its grant of summary judgment in favor of Clay County pursuant to I.C. § 34-4-16.5-3(16), to the extent that the Lunsfords' claim alleges design defects in Harmony Road.

**3.** The trial court entered findings of fact and conclusions of law to support its grant of summary judgment. Specific findings and conclusions are not required by Ind.Trial Rule 56, but neither are they prohibited. *P.M.S., Inc. v. Jakubowski*, 585 N.E.2d 1380, 1381 n. 1 (Ind.Ct.App. 1992). The entry of specific findings and conclusions does not alter the nature of the summary judgment and the findings and conclusions themselves have no effect other than to aid our review by providing us with reasons for the trial court's actions. *Id.*

## II. Sections (6) and (9)

■ Next, Shand Mining contests the trial court's grant of summary judgment in favor of Clay County pursuant to I.C. §§ 34–4–16.5–3(6) and (9). I.C. 34–4–16.5–3 provides:

A governmental entity or an employee acting within the scope of the employee's employment is not liable if a loss results from: ...

(6) the performance of a discretionary function; ...

(9) the act or omission of anyone other than the governmental entity or the governmental entity's employee; ...

Although Shand Mining raises several arguments in opposition to the trial court's grant of summary judgment, one issue is dispositive: whether Clay County's duty to maintain Harmony Road is a non-delegable duty.

■ Generally, a principal who delegates a duty to an independent contractor is not liable for the negligence of that independent contractor in performing the duty. *Bagley v. Insight Communications Co., L.P.,* 658 N.E.2d 584, 586 (Ind.1995). However, an exception to this general rule exists "where the principal is by law or contract charged with performing the specific duty." *Id.* Duties that are imposed by law or contract are considered non-delegable because they are deemed so important to the community that the principal should not be permitted to transfer these duties to another. *Id.* at 587. As a result, although a principal may transfer the responsibility for performing a duty to an independent contractor, the principal remains liable if the duty is negligently performed.

In Indiana, the legislature has specifically charged the county supervisor with the supervision of the maintenance and repair of all highways within the county. IND. CODE § 8–17–3–2. Further, Indiana judicial decisions have recognized that governmental entities have a specific obligation with respect to public travel. *See City of Indianapolis v. Cauley,* 164 Ind. 304, 309–10, 73 N.E. 691, 693–94 (1905) (it is legal duty of municipality to exercise supervision over bridges under its control and to make inspection as ordinary care and diligence require). In *Board of Comm'rs of Wabash County v. Pearson,* 120 Ind. 426, 22 N.E. 134 (1889), for example, our supreme court held a county liable for its negligent supervision of persons employed to repair a bridge when the bridge was left in an unsafe condition. In holding the county liable, the court relied on a non-delegable duty imposed by law. *See* Burns Rev.State. § 2892 (1881) (required county's Board of Commissioners to maintain public bridges). Thus, while we agree that Clay County may exercise its discretion to delegate its responsibility for maintaining a road to a private entity such as Shand Mining, we cannot say that it is relieved of liability on the basis of its delegation. The trial court, therefore, erred in granting summary judgment in favor of Clay County on the basis that it was immune from liability.

Nevertheless, this court can affirm the trial court's judgment on appellate review if it is sustainable on any theory or basis found in the record. *Gorski,* 465 N.E.2d at 761. Thus, although we reject Clay County's argument that it is entitled to summary judgment due to its governmental immunity, we may still affirm the trial court if we determine that there are no genuine issues of material fact and that Clay County is entitled to judgment as a matter of law.

■ In the instant case, the complaint alleges Clay County was negligent in its maintenance and repair of Harmony Road. Specifically, the complaint provides:

(4) That the drop of approximately two (2) feet, and the absence of a shoulder off the traveled portion of Harmony Road in the vicinity of the accident made it impossible for the Plaintiff to keep her vehicle on the roadway....

(7) That Defendants failed to protect travelers on Harmony Road including but not limited to Plaintiffs, Teea S. Lunsford and Maria L. Lunsford, by their negligence in failing to properly maintain and repair the road in a reasonable fashion and/or to meet ASSHTO standards, and by their failure to warn drivers including, but not limited to Teea S. Lunsford of the treacherous condition of the roadway.

R. at 5–6. Since Clay County properly delegated the duty to maintain Harmony Road to Shand Mining, Clay County can only be liable if the Lunsfords demonstrate that Shand Mining was negligent in its maintenance or repair of the road and that Clay County negligently failed to supervise such repair or maintenance by Shand Mining. The record, however, sets forth no testimony, affidavits, depositions or other proof establishing that Shand Mining negligently repaired or maintained the highway or that Clay County negligently supervised such maintenance.[4] Shand Mining contends solely that Lunsfords' complaint presents an issue of fact regarding the cause of the accident. However, the parties may not rest on the pleadings to establish a genuine issue of material fact to withstand summary judgment. T.R. 56. As a result, Clay County is entitled to judgment on the Lunsfords' complaint as a matter of law.

Summary judgment affirmed.

ROBERTSON and GARRARD, JJ., concur.

---

**4.** We recognize that because Clay County's negligence can only be proved by evidence that it failed to supervise Shand Mining in its negligent maintenance and repair of Harmony Road, Shand Mining is forced to argue its own negligence to prevent the summary dismissal of Clay County. We further recognize that logic dictates that it is not likely a defendant will advance a theory advocating that its actions were negligent.