CITY OF VINCENNES, Indiana, Appellant–Defendant,

v.

Virginia REUHL, Appellees–Plaintiffs,

and

Paric Corporation, Environmental Management Corporation, and Rogers Group, Inc., Appellees–Defendants.

No. 42A01–9607–CV–216.

Court of Appeals of Indiana.

Nov. 20, 1996.

unwilling to grant it attorney fees pursuant to those authorities.

Edward J. Liptak, Douglas A. Hoffman, Miller Carson Boxberger & Murphy, Bloomington, for Appellant–Defendant.

Matt Parmenter, Sturm, Smith & Parmenter, Vincennes, for Appellee–Plaintiff Virginia Reuhl.

William T. Schemmel, Hart, Bell, Cummings, Ewing & Stuckey Vincennes, for Appellees–Defendants Paric Corp. and Environmental Management Corp.

George E. Purdy, Amy Rankin Kennelly, Bose McKinney & Evans Indianapolis, for Appellee–Plaintiff Rogers Group, Inc.

## OPINION

BAKER, Judge.

In this interlocutory appeal, appellant-defendant the City of Vincennes appeals the trial court's denial of its motion for summary judgment on both the complaint of appellee-plaintiff Virginia Reuhl and the cross-claim of appellee-defendant Environmental Management Corporation (EMC). Specifically, Vincennes claims the trial court made the following errors: 1) failing to find that Vincennes was immune from liability and 2) failing to find that Vincennes was entitled to summary judgment on EMC's cross-claim for indemnity.

### FACTS

The facts relevant to this interlocutory appeal are not in dispute. On December 22, 1993, Vincennes entered into an agreement with EMC which provided that EMC would operate and maintain Vincennes' wastewater treatment facility. As part of the agreement, EMC was responsible for all of Vincennes' sewer collection lines and the related collec-

tion system. The agreement between Vincennes and EMC also provided that each entity would hold the other harmless from any liability caused by the negligence of the other.

Similarly, Vincennes contracted with Rogers Construction Group, Inc., to resurface various streets within the city. When Rogers resurfaced a street near a storm sewer, it left space around the sewer so EMC could cement around its sewer grate.

Thereafter, on October 6, 1994, Virginia Reuhl suffered injuries when she stepped into a hole next to a sewer grate on Fourth Street in Vincennes, Indiana. As a result, Reuhl filed a complaint against Vincennes, EMC and Rogers, claiming that the defendants negligently created the hole, failed· to repair the hole and failed to warn her of the hole. EMC filed a cross-claim against Vincennes alleging that EMC was entitled to indemnity, pursuant to their agreement, for damages resulting from Vincennes' negligence.

On October 2, 1995, Vincennes filed a motion for summary judgment on both Reuhl's complaint and EMC's cross-claim. Following a hearing on April 25, 1996, the trial court denied Vincennes' motion. Thereafter, Vincennes petitioned the trial court, pursuant to Ind.Appellate Rule 4(B)(6), to certify its denial of the motion for summary judgment for interlocutory appeal. On June 24, 1996, the trial court granted the petition. This appeal ensued.

## DISCUSSION AND DECISION

### I. Standard of Review

■■■ We apply the same standard of review as the trial court when reviewing its ruling on a motion for summary judgment. *O'Neal v. Throop,* 596 N.E.2d 984, 986 (Ind. Ct.App.1992), *trans. denied.* Summary judgment is proper when the designated pleadings, depositions, answers to interrogatories, admissions, and affidavits show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Whiteco Industries, Inc. v. Nickolick,* 571 N.E.2d 1337, 1339 (Ind.Ct.App.1991), *trans. denied;* Ind.Trial Rule 56(C). When,

as here, the parties do not dispute the facts material to the claim, our task is to determine whether the court correctly applied the law to the undisputed facts. *State ex rel. Indiana State Bd. of Dental Examiners v. Judd,* 554 N.E.2d 829, 830 (Ind.Ct.App.1990).

### II. Immunity

■■ First, Vincennes contends the trial court erred in denying its motion for summary judgment on Reuhl's claim. Specifically, Vincennes argues that because it contracted with EMC and Rogers to maintain the sewer system and the streets, any damage to Reuhl was caused by the acts or omissions of others. As a result, Vincennes claims it was entitled to governmental immunity.

IND. CODE § 34–4–16.5–3(9) provides that a governmental entity is immune from liability for damages which result from the acts or omissions of anyone other than the governmental entity. We recently addressed whether a governmental entity who contracts with another to perform a traditional government function could avoid liability under this statute for damage based on the contract. In *Shand Mining, Inc. v. Clay County Bd. of Commissioners,* 671 N.E.2d 477, 481 (1996), we held that while a governmental entity could delegate its responsibility for maintaining streets to a private party, it could not avoid liability for negligent maintenance of the streets on the basis of its delegation. This holding was based on the well-settled law in Indiana that a principal cannot avoid liability for the negligence of its agent if the principal is by law or contract charged with performing the specific duty. *Bagley v. Insight Communications Co., L.P.,* 658 N.E.2d 584, 586 (Ind.1995). In Indiana, governmental entities are charged with specific obligations with respect to public travel. *See City of Indianapolis v. Cauley,* 164 Ind. 304, 309–10, 73 N.E. 691, 693, 694 (1905); IND. CODE § 8–17–3–2 (county supervisor has responsibility for supervision of maintenance and repair of all highways within county). Thus, we held that the governmental entity was not immune from liability.

In the instant case, the same analysis applies. Vincennes properly exercised its discretion to delegate its duty to maintain its

sewer system and streets to EMC and Rogers. Nevertheless, Vincennes is not entitled to immunity on the basis of its delegation because Vincennes is charged by law with maintaining public travel. The trial court, therefore, properly denied Vincennes' motion for summary judgment on Reuhl's claim for damages.[1]

### III.  Indemnity Clause

■ Next, Vincennes contends it was entitled to summary judgment on EMC's cross-claim for indemnity. In particular, Vincennes argues that pursuant to Indiana's Comparative Fault Act (CFA), IND. CODE § 34-4-33-1 to 34-4-33-12, there is no conceivable situation in which Vincennes would owe indemnification to EMC.

The agreement between Vincennes and EMC provides in relevant part:

> *Hold harmless.*  Environmental Management Corporation agrees to and shall hold the City, its elected and appointed officers, and its employees harmless from any liabilities for claims or damages for personal injury or property damage which is caused by or arises from the negligence of Environmental Management Corporation. In turn, the City agrees to and shall hold Environmental Management Corporation, its officers and its employees harmless from any liabilities for claims or damages for personal injury or property damage that is caused by, or arises from, the negligence of the City.
>
> *Comparative responsibility.*  In the event that both Environmental Management Corporation and the City are found by an independent fact finder to be negligent, and the negligence of both is the proximate cause of such claims for damage for personal injury or property damage, then in such an event each party shall be responsible for the liability equal to such party's comparative share of the total negligence.

R. at 92.  Pursuant to the agreement, therefore, each party must indemnify the other for damage caused solely by the first party's negligence.

■ Under the CFA, a jury is charged with allocating 100 % of the fault among all culpable parties and non-parties.  I.C. § 34-4-33-5.  Although the CFA is not applicable to tort claims against governmental entities such as Vincennes, a jury is still permitted to consider a governmental entities' negligence in its allocation of fault. *Shand Mining,* 671 N.E.2d at 479-80.  As a result, the CFA limits EMC's potential liability to its own portion of fault.  EMC, therefore, cannot be held liable for Vincennes negligence and the hold harmless agreement is unnecessary. The trial court erred in denying Vincennes motion for summary judgment on EMC's cross-claim for indemnity.[2]

Judgment affirmed in part, reversed in part and remanded.

ROBERTSON, J., concurs:

CHEZEM, J., concurs in result.

---

1. Throughout their briefs, the parties argue about whether Reuhl's complaint alleges direct or vicarious liability against Vincennes. To the extent that Reuhl's complaint alleges Vincennes was negligent for acts delegated to another party, its liability is vicarious. As a result, Vincennes liability is limited to its negligent failure to supervise the other party in its performance of the delegated acts. *See Shand,* 671 N.E.2d at 481-82 (because county delegated duty to maintain road, county could only be liable if plaintiff demonstrated that county negligently failed to supervise such repair or maintenance). However, to the extent that Reuhl's complaint alleges negligence for separate, non-delegated acts or omissions, Vincennes can be held directly liable.

2. Had we determined that Vincennes was immune from liability for Reuhl's complaint and, therefore, entitled to summary judgment, the jury could not have allocated any fault to it. *See Handrow v. Cox,* 575 N.E.2d 611, 613 n. 1 (Ind. 1991) (dismissed party may not be non-party for purposes of fault allocation). Under such circumstances, EMC could have been held liable for the portion of fault that would otherwise have been allocated to Vincennes and summary judgment on EMC's cross-claim for indemnity would not have been appropriate. However, our determination that Vincennes is not entitled to immunity on Reuhl's complaint makes such a result impossible.