CITIZENS STREET RAILROAD COMPANY *v.* REED, ADMINISTRATRIX.

[No. 18,377. Filed November 1, 1898.]

INSTRUCTIONS.—*Interrogatories to Jury.—Burden of Proof.—Special Verdict.—Negligence.*—In an action for damages based upon the negligence of defendant the burden rests upon the plaintiff to prove by a preponderance of the evidence the alleged negligence of the defendant, and that plaintiff was free from contributory negligence, and it is not error in the trial of such a cause to instruct the jury that "if the evidence is evenly balanced as to any fact inquired about in an interrogatory, then you should find that such fact does not exist." *p. 397.*

SPECIAL VERDICT.—*Conclusions.*—Where the finding of an ultimate fact involves an inference or conclusion from the primary or subsidiary facts, the jury may find such ultimate facts only where the primary facts admit of two or more reasonable inferences. *p. 399.*

SAME.—*Conclusions.*—Where the burden of establishing the ultimate facts rests upon the party in whose favor the primary facts are re-

turned, such primary facts cannot be found upon evenly balanced evidence. *pp. 399-401.*

From the Marion Superior Court. *Reversed.*

*W. H. H. Miller, John B. Elam* and *Will H. Latta,* for appellant.

*Ayres & Jones,* for appellee.

HACKNEY, C. J.—This was an action for personal injuries resulting in the death of John W. Reed, alleged to have been sustained by reason of the appellant's negligence and without any negligence on the part of the decedent. The trial resulted in a special verdict in the form of interrogatories and answers returned by the jury. The first alleged error of the trial court was in charging the jury that, "if the evidence is evenly balanced as to any fact inquired about in an interrogatory, then you should find that such fact does not exist." The burden rested upon the appellee to prove by a preponderance of the evidence the alleged negligence of the appellant, and that the decedent was free from contributory negligence. To sustain this burden it was indispensable that the special verdict should find facts enforcing the legal inference of negligence on the one side, and freedom from negligence on the other. No fact tending to establish either the conclusion of negligence on the part of the appellant, or of due care on the part of the decedent, could be found upon "evenly balanced" evidence. These propositions are so thoroughly settled in the law of this State as to admit of no doubt.

The theory of the case was that the appellant was negligent in running a street car without a gate or barrier on the front platform next to the poles suspending the trolley wire; that the decedent was employed by the appellant as a road officer with the duty to inspect cars while in use and direct their repair and improvement, including the addition of gates,

when necessary, and, as to this was superior to those running the cars; that he boarded the car numbered 342 by the rear platform and passed to the front platform with a head light in his hand, and when he had gone upon said platform he lost his balance, fell from the platform, at the end thereof next to the poles, which was not guarded or protected by a gate; and that in falling he struck one of such poles.

Relating to the question of contributory negligence, the jury were asked and answered the following: "Did said decedent at the time and place mentioned enter the wrong car with the headlight by mistake? Answer. No." "When decedent passed through the door of said car, or on to the front platform thereof, could he see, by looking, that the end of said platform toward the south was open? Answer. No." "Did decedent, immediately after he was recognized by said motorman, endeavor to get off of said car with the headlight? Answer. No." "At the time said Reed stepped upon the platform, could he see that the safety gate was not on the side next to the pole? Answer. No." "Was the fact that the safety gate was not upon the front end of said car, upon the side next to said poles, known to said Reed at that time? Answer. No." These inquiries were as to primary or subsidiary facts having more or less influence upon the ultimate fact, namely, did Reed exercise that degree of care which a man of ordinary care and prudence would have exercised under like circumstances? As to this ultimate fact there were few other interrogatories and answers, and these were as to Reed's duty to inspect running cars, and order them in for repairs; the rainy and dark condition of the evening; that he knew the condition of the track, the position of the poles, and the swaying motion of the cars; that the headlight was for car numbered 542, while he carried it upon car

numbered 342; that the motorman was near the middle of the platform; that Reed went upon the left side of the platform; and that while going upon the platform he did not take hold of anything for support. There were interrogatories and answers which found the ultimate fact that he exercised such care as a person of ordinary care and prudence would have exercised under like circumstances. The conclusion was also found that he was without fault or negligence. This conclusion could result only from the law and the facts, and the jury had no right to pass upon questions of law. *Board, etc.,* v. *Bonebrake,*146 Ind. 311; *Standard Oil Co.* v. *Helmick,* 148 Ind. 457, and authorities cited in each. The finding of the ultimate fact involved an inference or conclusion from the primary or subsidiary facts. Ordinarily it is not the privilege of the jury to return such conclusion, and they are required to return only the primary facts. There are cases, however, where the jury may draw the inference. They are those where the primary facts found and returned admit of two or more reasonable inferences. Upon these propositions, see *Cincinnati, etc., R. W. Co.* v. *Grames,* 136 Ind. 39; *Smith* v. *Wabash R. R. Co.,* 141 Ind. 92; *Board, etc.,* v. *Bonebrake, supra; Smith, Tr.,* v. *Wells Mfg. Co.,* 148 Ind. 333; *Sutherland* v. *Cleveland, etc., R. R. Co.,* 148 Ind. 308.

Whether the present is a case in which the jury were authorized to draw the inference we need not decide, but it is without any doubt that the inference is never permitted without the primary facts, or those which give the inference its support. If it were otherwise, the duty of the court to pass upon the facts might be foreclosed in every case by the return of the jury of only the ultimate or inferential facts of the want of care on one side, and the exercise

of care on the other. Here the appellee's learned counsel argue that all of the interrogatories quoted upon the subject of contributory negligence, those so answered in the negative, might be stricken out, and there would remain sufficient findings to support the judgment. But to strike them out would not only require a reliance upon the inference drawn by the jury, but would dispense with primary facts supporting that inference. We are confronted, therefore, with the question, may the jury return the primary facts, upon evenly balanced evidence, where the burden of establishing the ultimate fact rests upon the party in whose favor the primary facts are returned? We must answer this question in the negative.

It is not claimed that the question of the deceased's opportunities to know, and of his actual knowledge, of the dangerous condition of the car, were unimportant in considering his care. Nor could it be said that the inquiries as to whether he had taken the headlight upon the wrong car, and, when he recognized the motorman, endeavored to get off the car, had no bearing upon his care. These important questions were decided by the jury against the appellant. Under the direction of the court the decision may have been upon evenly balanced evidence. It cannot be said that every negative answer of the jury was not upon the conclusion that the evidence was evenly balanced. Nor can it be said that the ultimate fact was not drawn from these very negatives. Taking these negatives, without reference to the instruction, the court would accept them as in a great measure, if not entirely, requiring the inference of care on the part of Reed. Without these negatives the findings of fact upon which to predicate the inference of care would be exceedingly vague and

shadowy, if, indeed, they did not show contributory negligence. If the case required the jury to draw the inference of care, we cannot escape the conclusion that they did so upon these negatives. If not required to draw the inference, the facts supporting the inference drawn by the court, being thus authorized upon evenly balanced evidence, could not be accepted. The inference is not supported by a preponderance of the evidence when the facts from which it is drawn are found upon evidence evenly balanced. For the error mentioned the judgment is reversed, with instructions to grant the appellant's motion for a new trial.