POLLARD *v.* FIRST AVENUE COAL MINING COMPANY ET AL.

[No. 3,384. Filed June 25, 1901.]

TRIAL.—*Findings.*—*Amendment after Judgment.*—A trial court cannot amend its special finding of facts after rendition of judgment.

From Vanderburgh Superior Court; *J. H. Foster,* Judge.

Action by William S. Pollard against First Avenue Coal Mining Company and others on a promissory note. From a judgment for defendants, plaintiff appeals. *Reversed.*

J. E. *Williamson,* for appellant.

J. G. *Owen,* H. M. *Logsdon* and H. *Mason,* for appellees.

WILEY, P. J.—Appellant sued appellees upon a promissory note. The issues were joined by answers and replies

and the cause was tried by the court. Upon proper request, the court made a special finding of facts and stated its conclusions of law thereon. Immediately following the court's conclusions of law, a motion in writing to amend the tenth finding of facts was interposed. Without ruling upon this motion, the court pronounced judgment upon the conclusions of law. Thirty-one days after the rendition of the judgment, the court made an order amending finding number ten in material matters.

This question is presented by the record: Is a trial court authorized to amend its special finding of facts after rendition of judgment? There is no doubt of the right of the court to amend its special finding before judgment and during the period within which a motion for a new trial may rightfully be filed, by supplying omissions and correcting inadvertent mistakes, so that the finding shall exhibit all the material facts that the court believes to have been proved. *Jones* v. *Mayne,* 154 Ind. 400, and authorities there cited.

It has never been held, however, in this jurisdiction, that a special finding of facts can be amended after final judgment. When final judgment has been pronounced upon special findings of facts, and conclusions of law, both the findings and conclusions are merged in the judgment. They have served their purpose. This court held in the case of *North British, etc., Ins. Co.* v. *Koontz,* 17 Ind. App. 625, that the court, after final judgment, was without power to amend and supply defects in a special finding on motion of one of the parties.

In the case of *Hartlepp* v. *Whitely, etc., Co.,* 131 Ind. 543, it was held that the court could not amend and supply defects in a special finding after the rendition of the judgment. In the later decisions of the Supreme Court to the effect that the trial court may amend its special finding of facts within certain limitations, it has uniformly been held that the amendment must precede final judgment. Thus, in *Thompson* v. *Connecticut Mut. Ins. Co.,* 139 Ind. 325, the

court said: "We are, therefore, of opinion that the trial judge should, in all cases, be permitted to amend his special findings and conclusions of law, at any time before final judgment," etc.   And in *Jones* v. *Mayne,* 154 Ind. 400, the court said: "A court, after finding the facts, may amend the finding at any time before final judgment," etc.

If it should be held that the trial court could amend its special finding of facts after judgment, the rule would be so elastic as to admit of abuses, for the cases we have cited hold that the court upon its own motion and without even suggestions from the litigants, can amend its findings before final judgment.   Such a rule would leave judicial proceedings and judgments in a state of uncertainty, and this should not be done.   Under the authorities in this State, we are clearly of the opinion that such power should not be granted to trial courts.   For the reasons given, the judgment will have to be reversed, and this makes it unnecessary for us to go into the merits of the case.

Upon the special finding of facts as amended, we are strongly inclined to the view that they would support conclusions of law quite different from those stated; but upon this proposition we express no opinion, as we think justice will be best subserved by a new trial.   Judgment reversed, and the court below is directed to grant appellant a new trial.