## Benham *v.* Heath et al.

[No. 10,868. Filed December 8, 1921.]

1. Trover and Conversion.—*Conversion of Personalty.—Burden of Proof.*—Where the owner, by written contract, agreed to sell a farm and certain personalty located thereon, and the prospective purchaser, within the time allowed in the contract for completing the purchase, sold the farm to others, the owner making the deed direct to them, but such prospective purchaser took possession of the personalty, an answer, in an action against him by the purchasers for conversion, admitting that the personalty was on the farm at the time the deed to the purchaser was executed, but alleging it was not taken into consideration in the sale to them, amounted only to an argumentative denial, and was not an answer of confession and avoidance; and, a reply in general denial having been filed, the burden rested upon plaintiffs to show that they bought the personal property along with the land as alleged in the complaint. p. 93.

2. Damages.—*Measure of Damages.—Instructions.*—In an action for conversion, an instruction which did not limit the jury to the damages claimed in the complaint, nor to a consideration of the evidence to the damages claimed in the complaint, was erroneous, where there was evidence which the jury could consider in fixing the amount of damages which did not relate to the value of the property involved. p. 94.

From Jefferson Circuit Court; *Francis M. Griffith,* Judge.

Action by Harold Heath and another against Robert Benham. From a judgment for plaintiffs, the defendant appeals. *Reversed.*

*F. M. Thompson, Curtis Marshall, P. E. Bear* and *Korbly & McNutt,* for appellant.

*Sulzer & Bear* and *Hall & Hall,* for appellees.

ENLOE, J.—This was an action by the appellees to recover damages for an alleged wrongful conversion of personal property. The complaint was in two paragraphs. There was a trial by a jury resulting in a verdict and judgment in favor of appellees and against appellant in the sum of $550. The appellant's motion for a new trial having been overruled, he now prosecutes this appeal and has assigned as error the action of the court in overruling his said motion, the specific causes relied upon and presented by appellant on this appeal being the action of the court in giving instruction No. 1 of those requested by appellee, and Nos. 4 and 7 of those given by the court of its own motion; also that the damages awarded are excessive and that the verdict is not sustained by sufficient evidence.

The following facts concerning which there is no dispute appear from the record, viz: On August 1, 1919, one George Hallgarth was the owner of a farm of eighty-five acres, located in Pleasant township, Switzerland county, Indiana, and on said date, he, by a contract in writing, agreed to sell said farm and certain named articles of personal property—farm implements—to the appellant herein for the sum of $2,550 cash, said sale to be consumated on or before October 1, 1919.

Shortly thereafter appellant and appellees began negotiating for the sale and purchase of said farm and appellees purchased the same for $3,250, the deed being

made to them direct by said Hallgarth.   At this point
the controversy begins, the appellees contending that by
their purchase, they were to get, and did get not only
the farm, but the farm implements mentioned in said
contract between appellant and said Hallgarth; that by
the terms of their contract they were to have everything
that appellant would have gotten, had he completed said
purchase and taken title in his own name.   While the
appellant contends that in his deal with the appellees
he sold to them *only the farm,* and that the personal
property involved in this suit, upon the completion of
said sale with said Hallgarth, became his property to
dispose of as he might see fit.   The trial of this case
therefore centered around this one fact.   If the appel-
lant told the appellees that they should have all the
property embodied in his contract with Hallgarth, and
they accepted said offer, and paid their money therefor,
then the said farm implements embodied in said con-
tract, became their property upon the final consummation
of said contract by paying their money and receiving
said deed; and if the appellant thereafter converted said
property to his own use, he should respond in damages.

To the complaint filed by the appellees herein, the
appellant answered in three paragraphs, the first being
a general denial.   The second paragraph of an-
swer alleged that: "At the time said deed was
made, and in the sale of said real estate,   *   *   *
nothing whatever was said between said parties, or con-
sidered between them, with reference to said personal
property; that at the time of said sale said property
was on the premises,   *   *   *,   but that the same was
the exclusive and sole property of the defendant, and
that the same was not taken into consideration in said
sale."   The third paragraph of answer is along the same
lines as the said second paragraph.   Neither of said
paragraphs *confesses and avoids* the cause of action

stated in the complaint and at most could amount only to an argumentative denial. They were however answered by a reply in general denial. Under the issues thus formed, the burden was upon the appellees to establish the material averments of at least one of the paragraphs of this complaint. There was no shifting of this burden, and instruction No. 4, given by the court of its own motion, did not accurately state the law. This instruction was drawn upon the theory that the said second and third paragraphs of answer were good as answers in confession and avoidance. The latter portion of said instruction, being the part now objected to by appellant, was as follows: "If the defendant proves by a fair preponderance of the evidence the material allegations of his answer to the effect that he did not sell, and that the plaintiff did not buy the personal property mentioned in the complaint, then the defendant is entitled to recover." While the proposition. as above stated is and was *affirmatively true,* it does not follow under the pleadings herein, as the jury must have understood, that the negative of the proposition was also true, that is, that unless the defendant, (appellant) did prove by a fair preponderance of the evidence that he did not sell and that the plaintiffs, (appellees) did not buy the said personal property, the plaintiffs (appellees) were entitled to a verdict in their favor at the hands of the jury.

Instruction No. 7, also complained of, related to the measure of damages. This instruction did not limit the jury in awarding damages to the damages claimed in the complaint nor in fixing the amount of damages, were the jury limited by said instruction to a consideration of the evidence *relating to the damages claimed in the complaint.* As there was evidence which the jury could consider in fixing the amount of the damages, which did not relate to the value

of the property in question, the said instruction was erroneous, and upon the record before us must be presumed to have been harmful. *Knoefel* v. *Atkins* (1907), 40 Ind. App. 428, 81 N. E. 600.

Complaint is also made of instruction No. 1, given at the request of appellee. While we cannot commend said instruction as a model of completeness, yet when the same is read in connection with other instructions given, we cannot say that the giving of it was error.

As this cause must be reversed for the errors indicated, other questions presented become of no consequence, and will not therefore be discussed in this opinion.

This cause is therefore reversed with directions to the trial court to sustain appellant's motion for a new trial and for further proceedings.