INDIANAPOLIS TRANSIT SYSTEM, INC. *v.*
BETH ANN WILLIAMS, ETC.

[No. 669A107. Filed May 17, 1971. Rehearing denied July 15, 1971.
Transfer denied October 14, 1971.]

*Lawrence McTurnan, Bredell, Martin & McTurnan,* of counsel, of Indianapolis, for appellant.

*William H. Williamson,* of Indianapolis, *Elmon M. Williams,* of Greenwood, for appellee.

WHITE, J.—When plaintiff-appellee was four years of age she boarded an Indianapolis city bus operated by appellant-transit company. She later brought suit against the transit company alleging that when she got onto the bus the driver first closed the door on her head, then opened the door and she fell back to the street, and that when her mother lifted her back onto the bus step, the door was again closed on her catching her foot, the bus started up and she was dragged a short distance. Trial to a jury resulted in a verdict and judgment for plaintiff in the sum of $20,000.00. The principal injury disclosed by the evidence most favorable to plaintiff is that she was blinded in the right eye.

Defendant-appellant concedes that there is sufficient evidence to support the verdict and brings this appeal on the sole contention that the jury was improperly instructed, in that two instructions tendered by the plaintiff were given and four instructions tendered by the defendant were refused.

Turning first to the trial court's refusal to give defendant's four instructions, the argument is made that defendant was thereby denied its right to have the jury instructed on its theories of defense. Those theories, simply stated, are: 1) That there was no accident while plaintiff was boarding the bus, and 2) That at the time plaintiff boarded the bus she already had a sore eye, either from illness or prior injury.

It may be of some significance to recognize at the outset that neither of these defenses is in any sense an affirmative defense.[1] They are nothing more than denials. The first is a very simple denial that the accident alleged in the complaint ever happened.[2] The second is an argumentative denial—a denial implied by the assertion of an inconsistent fact—that

1. The only answer filed was one of admission and denial.
2. Some of appellant's witnesses testified that as appellee was running to board the bus she fell before she reached it.

the eye condition predated the boarding of the bus. Although defendant produced testimony by several witnesses in support of each of these so-called theories, the burden never shifted from plaintiff. It was never necessary to a defendant's verdict that the greater weight of the evidence favor defendant's theory. It was sufficient if the evidence was "evenly balanced".[3]

The court's preliminary instruction No. 4 (with which neither party finds any fault) had told the jury what facts must be proved by a preponderance of the evidence in order for plaintiff to recover damages from the defendant. Among those facts were:

"2. That the defendants [sic] committed one or more of the acts or omissions charged in the Complaint as negligence; and

\* \* \*

"4. That such acts or omissions proximately caused the plaintiff personal injuries and damage, or some of them as alleged in the Complaint."

The instruction concluded:

"If the plaintiff establishes each of these facts by a preponderance of the evidence, she is entitled to recover from the defendants for the damages sustained as a result of such personal injuries and damage, unless the defendants established by a preponderance of the evidence that plaintiff himself [sic] was guilty of . . . [contributory negligence]."

Neither party having requested it, the trial court did not re-read the preliminary instructions at the time final instructions were read. But the court did then read, along with several others, the following final instruction (Defendant's No. 3) tendered by defendant:

"Negligence is an affirmative fact that must be established by a preponderance of the evidence. It is not sufficient for

3. *Citizens Street Railroad Company* v. *Reed* (1898), 151 Ind. 396, 397, 51 N. E. 477, 479; *Young* v. *Miller* (1896), 145 Ind. 652, 656, 44 N.E. 757, 759; *Scott* v. *Sisco* (1959), 129 Ind. App. 364, 156 N.E. 2d 895.

the plaintiff to show that the defendant might have been guilty of the negligence charged. The evidence must point to the fact that it was so guilty, and where testimony leaves the question unanswered and shows one of several things may have brought about the plaintiff's condition, it is not for you, the jury, to guess between these various causes and to find that the negligence of the defendant, if any, was the real cause, if there is no satisfactory foundation in the testimony for the conclusion. In other words, you have no right to return a verdict upon mere conjecture, but a satisfactory foundation therefore [sic] must be found in the evidence, and if the evidence fails to furnish such foundation, there can be no recovery against the defendant."

That instruction tells the jury quite clearly that plaintiff must prove by a preponderance of the evidence that defendant was negligent as charged *and* that such negligence was the proximate cause of "plaintiff's condition", else "there can be no recovery against the defendant." Nevertheless, defendant contends the court should have given its tendered instruction No. 2, which reads as follows:

"I instruct you that if you find by a preponderance of the evidence that the defendant was not negligent as charged, or if it was that such negligence was not the proximate cause of the plaintiff's condition complained of, then the plaintiff cannot recover in this action and it would be your duty to return a verdict for the defendant."

While conceding that by tendering such an instruction it was (in effect) assuming a burden of proof not imposed on it by law, defendant nevertheless contends that the instruction is a correct statement of the law and that no instruction given by the court told the jury what to do if plaintiff failed to prove her case. Which apparently means that no instruction given told the jury it should, in such event, return a verdict for the defendant. That argument implies that a jury which

had been given only two verdict forms[4] would not understand that if it could not say, "We . . . find for the plaintiff . . .", it must then use the only other form it had, the one which said, "We . . . find for the defendant."

Furthermore, the instruction, as it would ordinarily be understood by layman or lawyer, conveys the distinct impression that, as respects defendant's alleged negligence, defendant is entitled to a verdict *only*, "if you [the jury] find by a *preponderance* of the evidence that the defendant was *not* negligent." Of course the word *only* is not in the instruction and it may thus be technically correct in that it does not expressly rule out a defendant's verdict if the evidence is evenly balanced, yet it would seem to require extremely acute perception by the jury to enable it to recognize the possibilities implicit in what the instruction fails to say. At best, this instruction is misleading.[5]

---

4. Nothing in the record expressly states that the usual practice of sending verdict forms to the jury room was followed in this case. However, this is the last instruction which was read to the jury:

"When you retire to your Jury Room, you will first elect a Foreman, then you will proceed with your deliberations.

"If you find for the Plaintiff, the form of your verdict will be:

" 'We, the Jury, find for the Plaintiff and assess damages in the sum of _____ Dollars.'

(Inserting in the blank space in words the amount you may agree upon.)

"If you find for the Defendant, the form of your verdict will be:

" 'We, the Jury, find for the Defendant.' "

5. In *Benham* v. *Heath* (1921), 77 Ind. App. 91, 94, 133 N.E. 179, we said:

"Under the issues . . . thus formed, the burden was upon the appellees to establish the material averments of at least one of the paragraphs of this complaint. There was no shifting of this burden, and instruction No. 4, given by the court of its own motion, did not accurately state the law. . . . The latter portion of said instruction, being the part now objected to by appellant, was as follows: 'If the defendant proves by a fair preponderance of the evidence the material allegations of his answer to the effect that he did not sell, and that the plaintiff did not buy the personal property mentioned in the complaint, then the defendant is entitled to recover.' While the proposition as above stated is and was *affirmatively true*, it does not follow under the pleadings herein, as the jury must have understood, that the negative of the proposition was also true, that is, that unless the defendant, (appellant) did prove by a fair preponderance of the evidence that he did not sell and that the plaintiffs,

Defendant is correct, of course, in saying that plaintiff has no right to object to this instruction for that reason. But we are not here concerned with plaintiff's objection to the instruction. We are concerned with defendant's exception to the trial court's refusal to give it. And our conclusion is that no court should be required to give an erroneous or misleading instruction, even at the invitation of the party most likely to suffer from the error.

For the same reasons the same conclusions must be reached with respect to defendant's tendered instructions numbered 6 and 7.[6]

Defendant's tendered instruction No. 8, however, does not contain any misleading language and appears to be a correct statement of the law. But if given it would have told the jury nothing that it had not already been told in slightly different language, by preliminary instruction No. 4 (ante, p. —), and by defendant's final instruction No. 3 (ante, p. —). It would merely have emphasized by repetition that the burden was on plaintiff to prove by a fair preponderance of all the evidence that defendant was negligent as charged in the complaint and that such negligence was the proximate cause of plaintiff's injuries. It was made to sound less redundant because it began by stating in the negative what had already been stated in affirmative terms and concluded with the affirmative mandate that "your verdict should be for the defendant". That difference, however, is of style, not of substance.[7]

---

(appellees) did not buy the said personal property, the plaintiffs (appellees) were entitled to a verdict in their favor at the hands of the jury."

6. Those instructions read:

(No. 6): "If you find by a fair preponderance of the evidence that plaintiff's condition of which she complains, was due solely to disease, sickness, or injury existing prior to the date of the alleged accident, then your verdict must be for the defendant."

(No. 7): "If you find that the plaintiff's condition of which she complains was not caused by any negligent act on the part of the defendant, then your verdict must be for the defendant."

7. The instruction reads:

"The law does not presume that the defendant was negligent as charged in the plaintiff's complaint, and mere proof that the plaintiff

Defendant relies on *Baltimore, etc., R. Co.* v. *Peck* (1913), 53 Ind. App. 281, 101 N. E. 674, in support of its argument that it was denied its right to have the jury instructed on its theory of the case. The cited case was an action against a railroad for negligently causing a fire on its right-of-way and negligently permiting the fire to escape to plaintiff's lands, burning them over. Plaintiff recovered a verdict for the fire damage to his lands after a trial in which the witnesses were evenly divided as to whether plaintiff's lands were burnt over on the date of the railroad fire or approximately one month earlier. Error was predicated on the trial court's refusal to give these two instructions tendered by the railroad:

"No. 2. If the fire which destroyed the plaintiff's land occurred before the fire which escaped from defendant's right-of-way in section 6 in LaPorte County, the defendant need not account for the origin of the fire which destroyed plaintiff's property, and, under such a state of the evidence, you must find for the defendant.

"No. 3. If you find from the evidence that the defendant negligently set fire to land in section 6 in LaPorte County, on or about October 1, 1908, you cannot find against the defendant in this cause if you further find from the evidence that plaintiff's land was burned over by a fire which occurred prior to the said fire which defendant allowed to escape in LaPorte County."

We there held that the giving of a *"general"* instruction that before plaintiff can recover he must prove the material averments of his complaint by a fair preponderance of the evidence did not authorize the refusal of the foregoing *"particular"* instructions. Yet the error was held to be harmless

---

was injured is not in itself alone sufficient to establish liability on the part of the defendant. In order for the plaintiff to recover against the defendant in this action, she must go further and must prove by a fair preponderance of all the evidence that the negligence of the defendant as charged in the complaint, proximately caused the plaintiff's injuries, if any. Unless the plaintiff has proved by a preponderance of the evidence that the defendant was negligent as charged in the complaint, and that such negligence was a proximate cause of the plaintiff's injuries, if any, your verdict should be for the defendant."

because the jury's special verdict had found that the fire on plaintiff's lands occurred at the time of the railroad fire.

Whether a given instruction is characterized as "general" or "particular" probably depends in large part on the opinion of the one who makes the classification. Our comparison of the instructions in the case at bar (which we have discussed above) indicates that the instructions given and those refused differ little as to generality or specificity.

Furthermore, it is our observation that there is a commendable modern trend toward the giving of fewer instructions. We are unaware of any authority which has expressly recognized that trend, but it is evidenced by the Supreme Court's recently imposed restriction on the instructions parties may request.[8] Also by the discussion in *White* v. *Evansville American Legion Home Association* (1965), 247 Ind. 69, 72, 210 N. E. 2d 845, of the dangers inherent in overinstructing a jury. Because the final instructions given in the case at bar totaled only twenty-one, with most of those being given by the court on his own motion, we do not intend to imply that the giving of any of the refused instructions might have resulted in overinstruction. What we do intend is the encouragement of brevity. We believe the potential for confusion inherent in overinstruction outweighs any danger of underinstruction. Therefore, when a judge refuses a tendered instruction which he could have given without committing error, harmful error should not be presumed and we should not reverse, unless we find that the refused instruction covers a relevant point on which the jury

---

8. In 1967, the Indiana Supreme Court added a paragraph to Rule 1-7, which has now been replaced by INDIANA RULES OF PROCEDURE, TR 51 (D) in almost the same language as follows:

"(D) Limit upon requested instructions. Each party shall be entitled to tender no more than ten [10] requested instructions to be given to the jury; however, the court in its discretion for good cause shown may fix a greater number. Each tendered instruction shall be confined to one [1] relevant legal principle. No party shall be entitled to predicate error upon the refusal of a trial court to give any tendered instruction in excess of the number fixed by this rule or the number fixed by the court order, whichever is greater."

has not been otherwise instructed, or unless some other circumstance is shown which indicates a reasonable probability that the substantial rights of the complaining party have thereby been adversely affected.[9]

Plaintiff-appellee's instruction No. 3, given over defendant-appellant's objection that there is no evidence of disfigurement, outlined five elements of damage the jury might consider in determining the amount of its verdict if it found for plaintiff. The fifth element was stated thus:

"Disfigurement *if any* resulting from the injuries and embarrassment caused to the child by the disfigurement from the injury." (Our emphasis.)

Appellant has not charged that the damages awarded by the jury are excessive, thus tacitly conceding that there is sufficient evidence of other elements of damage to support the award. If, then, there is no credible evidence of probative value from which the jury could have found disfigurement, harm to the defendant from the mention of "disfigurement if any" is mere speculation. Judge Emmert, in his concurring opinion in *New York, Chicago and St. Louis Railroad Company* v. *Henderson* (1957), 237 Ind. 456, 484, 146 N. E. 2d 531, 147 N. E. 2d 237, after stating the general rule "that prejudice from an erroneous instruction is presumed unless the contrary affirmatively appears", noted:

"However, to this general rule there is an exception where a general instruction on damages enumerates various items thereof, and the questioned item is followed by the words 'if any'. In such case we have held the jury must have understood such item should not be considered unless there was some proof of such loss. *Lincoln Operating Co.* v. *Gillis* (1953), 232 Ind. 551, 560, 114 N. E. 2d 873; *McClure* v. *Miller* (1951), 229 Ind. 422, 428, 98 N. E. 2d 498."

The "if any" qualification in the instruction's reference to disfigurement renders it unnecessary for us to determine

9. See Indiana Rules of Procedure, TR 61.

whether the record contains any credible evidence of probative value from which the jury could have found that plaintiff was entitled to compensation for disfigurement. *Glen Park Democratic Club, Inc.* v. *Kylsa* (1966), 139 Ind. App. 393, 400, 213 N. E. 2d 812, 816, 7 Ind. Dec. 515, 522.

Finally, defendant-appellant objects to the giving of an instruction which authorizes compensation for aggravation of a pre-existing condition, if so found. Neither the accuracy of the rule of law it states nor its form is questioned. Nor did appellant object in the trial court on the ground that there is no evidence from which the jury reasonably could have found that the alleged injury aggravated a pre-existing condition. The objection at the trial level was merely that aggravation was not pleaded and that a cause of action for aggravation of a pre-existing injury or condition must be specially pleaded. To avoid belaboring this opinion with a critical analysis of appellant's authority[10] we are content to say that to apply it here in the manner appellant urges would amount to a revival of the now antiquated rule that a plaintiff must recover on the theory of his complaint or not at all.[11] Whether the "issues" to be tried in any lawsuit are formed by the pleadings or in a pre-trial order, their function is merely to provide the parties and the court with an itinerary for the journey through the trial. Either party may timely demand strict adherence to the pre-determined route or, if deviation is permitted, the time necessary to prepare to meet the new issue. But when the trial has ended without objection as to the course it took, the evidence then controls. Neither pleadings, pre-trial orders, or "theories" postulated by either party should then operate to frustrate the trier of fact in finding the facts which that evidence (including all reasonable inferences the trier may draw therefrom) convinces him (whether he be a judge or juror), by a preponderance thereof,

10. 9 I.L.E. 458, *Damages* § 202.
11. See *Morrison's Southern Plaza Corp.* v. *Southern Plaza, Inc.* (1969), 252 Ind. 109, 246 N.E. 2d 191, 198, 17 Ind. Dec. 166, 175.

is true or block him from awarding the relief, if any, which the rules of substantive law say those facts merit.[12]

Issues to guide the course of a trial are as necessary to the prevention of courtroom chaos as traffic lane divider lines are to the prevention of highway chaos, but neither should be, or is, inviolate when rigid adherence would thwart, not serve, its purpose. At the trial of this cause the plaintiff's mother and her counsel, by testimony and pleading, contended that plaintiff's visual impairment was the *sole* result of the alleged bus-boarding incident, while defendant contended it was due solely to an infection associated with measles. It was undisputed that she had had measles, although the time thereof and the eye complication are disputed. The doctors agreed that there was some impairment from congenital farsightedness and that the principal impairment was from a corneal scar resulting from an infection which could have been caused by measles or by the alleged accident.

Appellant's brief employs the following language to suggest that it is unfair to appellant to instruct on aggravation:

". . . . Plaintiff and her family were not proceeding on any theory of aggravation of a pre-existing condition, but were stoutly insisting and maintaining throughout the trial that there was no pre-existing condition whatsoever. Obviously, the Plaintiff did not want to plead aggravation or amend the Complaint to allege an aggravation of a pre-existing condition because Plaintiff wanted to persuade the jury that there was no pre-existing condition. However, Plaintiff recognized the possibility that the jury would believe that the child had a pre-existing condition, and might try to

---

12. As to amendment of pleadings our new rule TR 15(B) (quoted post, p. —), which is a verbatim copy of federal rule 15b, is virtually a summary of what is said here. Neither the state nor the federal rules contain a similar provision for the automatic amendment of the pre-trial order's limitation of the issues (although both state rule TR 16 (J) and federal rule 16 permit subsequent modification "to prevent manifest injustice"). Reported federal decisions are not in harmony as to what flexibility there is in the issues fixed by the pre-trial order, but at least one court (C.A. 2) has said that ". . . we read Rule 16 in the light of Rule 15(b). . . ." 2 Harvey, Ind. Prac. 191.

guess that there might have been aggravation, even though there was no evidence of such aggravation. Thus, Plaintiff was given a two-edged sword to use against the Defendant without having to make an admission that there was a pre-existing condition."

This argument suggests that this is the type of case[13] of which Dean Gavit was speaking when he said:

". . . [I]n this type of case . . . the defendant is ordinarily actively asserting that the plaintiff cannot properly recover upon the theory of his complaint, and he has himself usually produced the evidence which tends to disprove the plaintiff's case on the theory upon which he has proceeded. In doing so he himself may well have produced the evidence which might warrant a recovery on some other theory of liability." 1 Gavit, Indiana Pleading and Practice 726, § 161.

Plaintiff's failure to amend is rendered irrelevant by Ind. Stat. Ann. (Burns 1968) § 2-3231, now Indiana Rules of Procedure, AP 15(D), which, in pertinent part reads as follows:

"No judgment shall be . . . reversed . . . for any defect . . . variance . . . in the . . . pleadings . . . which by law might be amended by the court below, but *such defects shall be deemed amended in the court on appeal. . . .*" (Our emphasis.)

At the time his case was tried that rule was also supplemented by Ind. Stat. Ann. (Burns 1968), § 2-1068, in pertinent part as follows:

"After trial and before final judgment, the court may . . . order that any pleading be amended . . . by inserting . . . any material allegation, in order that the pleadings may conform to the facts proved. . . ."

This statute (§ 2-1068) has now been replaced and added to by TR 15(B) which reads:

13. The actual case of which the author was speaking is *Nester* v. *Western Union Telegraph Co.* (D.C. Cal. 1938), 25 F. Supp. 478, revd. on other grounds 309 U.S. 582, 84 L.Ed. 960, 60 S. Ct. 769, which seems to have been nearly identical in principal to *General Outdoor Advertising Co.* v. *LaSalle Realty Corp.* (1966), 141 Ind. App. 247, 218 N.E. 2d 141, 8 Ind. Dec. 611.

"When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment, but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence."

Additionally to be considered is Ind. Stat. Ann. (Burns 1968), § 2-1071, which, as modified, is now the last sentence of TR 61. That new rule reads:

"No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order in anything done or omitted by the court or by any of the parties is ground for granting relief under a motion to correct errors or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order or for reversal on appeal, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."

No reversible error being found, the judgment is affirmed.

Hoffman, C.J. and Sharp, J., concur; Staton, J., not participating.

NOTE.—Reported in 269 N. E. 2d 543.