**BOARD OF COUNTY COMMISSIONERS OF the COUNTY OF ST. JOSEPH, Appellant (Defendant Below),**

v.

**Shirley ARICK, et al, Appellees (Plaintiffs Below).**

No. 3–583A159.

Court of Appeals of Indiana, Third District.

April 22, 1985.

Rehearing Denied May 17, 1985.

A. Howard Williams, South Bend, for appellant.

Richard D. Bonewitz, Hammerschmidt & Bonewitz, South Bend, for appellees.

STATON, Presiding Judge.

■ The Board of Commissioners of St. Joseph County (County) appeals from a jury verdict in favor of Shirley Arick and Ronald Ingle as personal representatives of the estate of Hao Cao (the Estate). The County raises several issues, of which we address only one:

Whether the trial court improperly refused the County's tendered instruction number eight? [1]

Reversed and remanded.

The testimony at trial revealed the following facts: Hao Cao was a passenger in a car driven by William Martin on May 10, 1981. At the intersection of Grape Road and State Road 23, Martin's car was struck by that of Dale Haines (Haines). As a result, Hao Cao was killed.

Some hours prior to the accident, St. Joseph County Police Officer Harry Dailey (Officer Dailey) went to the intersection to deal with a malfunctioning traffic light. The light showed green simultaneously to both the traffic on Grape Road and on State Road 23. Officer Dailey then left within a few minutes after arriving to assist other officers responding to a call concerning a family fight involving firearms.

The Estate sued the County for wrongful death based on the actions of Officer Dailey in leaving the intersection, alleging negligence. The Estate also sued Haines, the City of Mishawaka (City), and the State of Indiana (State). Judgment on the evidence was granted as to Haines and the City, and

---

1. The County also claimed its motion for judgment on the evidence, made at the close of the Estate's case, should have been granted. In this motion the County claimed that it was immune from suit under the provisions of IC 1984, 34-4-16.5-3. However, following the trial court's denial of the motion, the County introduced evidence on its own behalf. There is no evidence on the record that this motion was renewed at the end of all the evidence. Any error claimed has therefore been waived. *Poret v. Martin* (1982), Ind., 434 N.E.2d 885, 891; *Thrapp v. Austin* (1982), Ind.App., 436 N.E.2d 1170, 1173.

In addition, the County raises the question of whether it was proper for the trial court to exclude testimony of prior incidences of malfunctions of the traffic light. As we reverse and remand on other grounds we do not address this issue.

the jury returned a verdict in favor of the State. The jury returned a verdict against the County and the County appeals.

The County tendered the following as its instruction number eight, which the trial court refused:

"There was in full force and effect at all times material to this cause a certain statute which states as follows:

'A governmental entity or an employee acting within the scope of his employment is not liable if a loss results from:

(1) the performance of a discretionary function; and/or,

(2) The adoption and enforcement of or failure to adopt or enforce the a [sic] law, including rules and regulations, unless the act of enforcement constitutes false arrest or false imprisonment; and/or,

(3) the temporary condition of public thoroughfare which results from weather.'

Therefore, if you find that the acts of any defendant, governmental sub-unit, were discretionary in nature or performed during the course of enforcing the law or the temporary condition of a public thoroughfare which results from weather then and in that event you, the jury, must find for that defendant."

The County claims on appeal this instruction should have been given.

■ In reviewing the failure to give a requested instruction this Court will find error only if the substance of the instruction was legally correct, supported by the evidence, and not adequately covered by other instructions. *Fall v. White* (1983), Ind.App., 449 N.E.2d 628, 635; *Jones v. City of Logansport* (1982), Ind.App., 436 N.E.2d 1138, 1145. Such failure, however, is not presumed fatal and will constitute a reversible error only when it is also shown

that the substantial rights of the complaining party have been adversely affected. *Indianapolis Transit System, Inc. v. Williams* (1971), 148 Ind.App. 649, 656, 657, 269 N.E.2d 543, 549.

The County's instruction number eight is a correct statement of the law as it is taken almost entirely from IC (1984), 34–4–16.5–3 (Burns Code Ed., Supp.).[2] We are left then only to decide whether there was sufficient evidence to support the instruction and whether the substance of the instruction was adequately covered by other instructions. *Fall v. White, supra; Jones, supra.*

■ There was evidence to support the giving of instruction number eight. Two repairmen for the State testified that lightning had been seen on the day in question and that the malfunction had characteristics consistent with that of the light being struck by lightning. In addition, they testified that water could cause the problem, and other testimony established that it had been raining that day. Therefore, there was evidence to support the instruction so far as weather being the cause of the malfunction was concerned.

Also, the testimony of the County dispatcher, County Police Officer Allan Metcalf, and Officer Dailey established that Officer Dailey's decision about what to do at the intersection was a matter within his discretion. A discretionary duty has been defined as one which involves an officer's judgment as to whether or not an act should be performed, and, if so, in what particular way. *City of Hammond v. Cataldi* (1983), Ind.App., 449 N.E.2d 1184, 1186. The testimony of all three was that an officer's decision in such a situation was to be governed by his experience and judgment. This clearly can be considered evidence of an exercise of discretion.

2. IC 34–4–16.5–3 reads in pertinent part:
"34–4–16.5–3. Immunity from liability.—A governmental entity or an employee acting within the scope of his employment is not liable if a loss results from:
\* \* \* \* \* \*
(3) The temporary condition of a public thoroughfare which results from weather;

\* \* \* \* \* \*
(6) The performance of a discretionary function;
(7) The adoption and enforcement of or failure to adopt or enforce a law (including rules and regulations), unless the act of enforcement constitutes false arrest or false imprisonment...."

In addition, there was evidence that Officer Dailey left the intersection in response to a call concerning a domestic disturbance involving firearms. While Officer Dailey was not directly dispatched, there was testimony that he need not be in order to respond. Therefore there is evidence that Officer Dailey was engaged in the performance of a law enforcement duty.

 The only question left is whether the County's tendered instruction was adequately covered by other instructions. *Fall v. White, supra; Jones, supra.* A search of the record reveals no instructions governing in any way the County's claim of immunity. The Estate contends that the County's failure to object to the Estate's tendered instruction number two, which was given by the trial court, waived any error with respect to the immunity issue.

The Estate's tendered instruction as given by the court reads as follows:

"I instruct you that if you find that St. Joseph County, acting through its employees within the scope of their employment, had notice or actual knowledge of an unsafe or dangerous condition on or along the public streets and highways in St. Joseph County, Indiana, and had time within which a reasonable person would take protective action, it had a duty to take such action as an ordinarily prudent person would take under the same or similar circumstances to protect the public from the unsafe or dangerous condi-

tion until it could be corrected; failure to do so would constitute negligence."

This instruction does not cover the issue of immunity. It addresses only the duty of the County and not the liability of the County for breach of that duty. Therefore, the Estate's tendered instruction did not adequately cover the County's instruction number eight.

The County's instruction correctly stated the law, was supported by the evidence, and was not adequately covered by any other instruction. Furthermore, the trial court's refusal to give the instruction clearly affects the substantial rights of the County. Had the instruction been given, the County may not have been held liable for Hao Cao's death. *See Indianapolis Transit System, Inc., supra.* Therefore, the trial court committed reversible error in not giving the County's tendered instruction number eight. Therefore, we must reverse and remand this cause for a new trial.

Reversed and remanded.

HOFFMAN and GARRARD, JJ., concur.