[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE; MOTION FOR SUMMARY JUDGMENT
Before the court is the defendants'[1] motion for summary judgment. The defendants move for summary judgment on the ground that they are entitled to judgment as a matter of law. Specifically, the defendants Geane and Cuzzo argue that they are covered by governmental immunity and may not be sued while in the exercise of a discretionary duty. Since immunity exists as to Geane and Cuzzo, the Town of Orange maintains that it is under no obligation to assume liability or indemnify for their alleged negligence.
The underlying case concerns severe injuries suffered by the plaintiff, Kevin Daley, after the plaintiff was struck by a utility pole during the course of his employment for Southern New CT Page 14139 England Telephone (SNET). A factual background is helpful.
On May 15, 1993, a one-car accident caused a car to crash into and damage a utility pole in Orange. The plaintiff, along with several other SNET employees was dispatched by SNET to re-set the pole. As the plaintiff was re-setting the pole, a tractor trailer, driven by the named defendant McClintock, snagged an overhanging utility wire. The resulting tension generated by the caught wire caused the utility pole to come crashing down on the plaintiff and injuring him severely.
In his complaint against the defendants, the plaintiff alleges that police officers Geane and Cuzzo were negligent causing the injuries to Daley. Specifically, the plaintiff alleges that the police officers failed to perform their duties by failing to direct and control traffic and in leaving the accident scene without properly ascertaining the continuing danger posed by the low hanging wire. The plaintiff further alleges that the Town of Orange is required to assume liability for the negligent conduct of its police officers.
The defendants, argue that they are entitled to summary judgment as a matter of law as a result of the doctrine of governmental immunity. Specifically, the defendants maintain that they were exercising their discretion in leaving the accident scene. The defendants argue that the evidence shows that the police officers left the accident only after they were informed by SNET that it had the situation under control and did not need police traffic control. As such, they argue that they are entitled to judgment as a matter of law.
The plaintiff objects to the motion for summary judgment and argues that there are genuine issues of material fact that prohibit summary judgment. For one, the plaintiff argues that it is a question of fact as to whether the police officers were exercising a ministerial or a discretionary duty in regards to the plaintiff. Moreover, even if the defendants were exercising a discretionary duty, the plaintiff argues that there are questions of facts as to whether the defendants' conduct falls into one of the exceptions to governmental immunity.
"The standard of review for summary judgment is well established. Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the CT Page 14140 moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in a light most favorable to the nonmoving party. . . ." (Citations omitted.) Orkney v. Hanover InsuranceCo., 248 Conn. 195, 201, ___ A.2d ___ (1999).
"Although municipalities are generally immune from liability in tort, municipal employees historically were personally responsible for their own tortious conduct." (Citations omitted; internal quotation marks omitted.) Purzycki v. Fairfield,244 Conn. 101, 107, 708 A.2d 937 (1998). "The doctrine of governmental immunity has provided some exceptions to the general rule of tort liability for municipal employees. [A] municipal employee . . . has a qualified immunity in the performance of a governmental duty, but he may be liable if he misperforms a ministerial act, as opposed to a discretionary act." Id.
"Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature. . . . On the other hand, ministerial acts are performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action." (Internal quotation marks omitted.) Gordon v. Bridgeport Housing Authority,208 Conn. 161, 168, 544 A.2d 1185 (1988). "The word `ministerial' refers to a duty which is to be performed in a prescribed manner without the exercise of judgment or discretion." Evon v. Andrews,211 Conn. 501, 505, 559 A.2d 1131 (1989)
The determination of whether official acts or omissions are ministerial or discretionary is usually a question of fact for the jury. Gauvin v. City of New Haven, 187 Conn. 180, 186,445 A.2d 1 (1982); Beach v. Regional School District 13,42 Conn. App. 542, 553, 682 A.2d 118 (1996). Nevertheless, the Connecticut Supreme Court has held that it is proper for the trial court to determine, in appropriate circumstances, whether certain duties are discretionary or ministerial as a matter of law. See Heigl v.Board of Education of New Canaan, 218 Conn. 1, 8, 587 A.2d 423
(1991) (since the alleged duty was discretionary, the court correctly determined that the complaint failed to state a cause of action); Gordon v. Bridgeport Housing Authority, supra,208 Conn. 170 (issue of governmental immunity can be decided on a motion to strike as a matter of law)
The Supreme Court has held that "the operation of a police department is a discretionary governmental function, and acts or CT Page 14141 omissions related to police functions ordinarily do not give rise to liability on the part of the municipality or a cause of action in tort against it." Gordon v. Bridgeport Housing Authority, supra, 208 Conn. 180. Acts or omissions of police officers in the exercise of their duties have also been held to be discretionary in nature. Shaham v. Wheeler, Superior Court, judicial district of Danbury, Docket No. 321879 (March 12, 1998, Nadeau, J.);Gonzalez v. City of Bridgeport, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 253464 (June 4, 1993, Fuller, J.). See also Board of County Commissioners v. Avrick,477 N.E.2d 112 (1985) (a police decision to leave a malfunctioning traffic light before repairs were undertaken to answer a call involving a family fight was found to be discretionary).
In the present case, the defendant police officers' alleged act or omission parallels the logic implicit in the reasoning in the aforementioned cases. That is, the decision by the police officers to ultimately leave the scene of the original traffic accident required the officers to assess the situation and, after reviewing the applicable facts, make a decision as to whether to stay. The court, accordingly, finds that the alleged acts or omissions of the police officers were, therefore, in the exercise of a discretionary duty.
As the duty owed to the plaintiff is a discretionary one, the plaintiff's claim must fall within one of the recognized exceptions to qualified immunity for discretionary acts. The exceptions include the following situations: 1) where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm; 2) where a statute specifically provides for a cause of action against a municipality or municipal official for failure to enforce certain laws; and 3) where the alleged acts involve malice, wantonness or intent to injure, rather than negligence. Purzycki v. Fairfield, supra,244 Conn. 108.
The only exception to the qualified immunity of a municipal employee for discretionary acts that is relevant to the present case is the exception permitting a tort action in circumstances of likely imminent harm to an identifiable person. This exception has been construed to "apply not only to identifiable individuals but also to narrowly defined identified classes of foreseeable victims." Burns v. Board of Education, 228 Conn. 640, 646, CT Page 14142638 A.2d 1 (1994)
Thus, in order for the defendant to be entitled to summary judgment on the grounds of immunity, the court must find that the plaintiff was neither a foreseeable victim in an identified class nor an identifiable person in imminent harm. A review of the evidence offered in support and in opposition of the motion for summary judgment reveals that the court cannot make such a determination at this time.
In delineating the scope of a foreseeable class of victims exception to governmental immunity, our courts have considered numerous criteria, including the immanency of any potential harm, the likelihood that harm will result from a failure to act with reasonable care, and the identifiability of the particular victim. Other courts, in carving out similar exceptions to their respective doctrines of governmental immunity, have also considered whether the legislature specifically designated an identifiable subclass as the intended beneficiaries of certain acts; whether the relationship was of a voluntary nature; the seriousness of the injury threatened; the duration of the threat of injury; and whether the persons at risk had the opportunity to protect themselves from harm. Id., 647-48.
Whether it was apparent to the defendants that their acts or failure to act subjected the plaintiff to imminent harm is a question of fact. Evon v. Andrews, supra, 211 Conn. 507 (where there is conflicting testimony on the issue of imminent harm, trial court erred in entering summary judgment rather than submitting case to a jury)
In the present case, the evidence indeed reveals factual disputes which precludes the court from finding that the imminent harm/identifiable victim exception to governmental immunity does not apply. For one, the plaintiff appears to be within a specific class of persons, the SNET crew on site, who may have been at risk of harm. Moreover, the plaintiff has presented evidence which allegedly shows that one of the police officers, Officer Geane, was present when the SNET crew had to assist in raising a low hanging wire so as to allow a tractor trailer access past the accident site. According to the evidence, it appears that Officer Geane may have even assisted in directing the tractor trailer.
Thus, a question of fact remains as to the foreseeability of the accident and whether Geane should have taken any further CT Page 14143 steps prior to leaving the scene. The court cannot determine as a matter of law that the plaintiff was not an identifiable victim, subject to imminent harm, and accordingly cannot find as a matter of law that the officers or the municipality are immune from liability in this case.
Having found that the defendants are not entitled to summary judgment, the court will now clarify that statement. According to the evidence offered for and against summary judgment, it is clear that Officer Cuzzo cannot be found to have been negligent in not foreseeing a possibility of injury to the plaintiff. While the evidence shows that Officer Geane may have been aware of the low hanging wire and the need for additional clearance for tractor trailers such as the one that caused the injuries to the plaintiff, there is no evidence showing that Officer Cuzzo could have foreseen the accident that injured the plaintiff. Indeed, the evidence shows that Officer Cuzzo was officially off-duty for several hours when the accident occurred. Accordingly, since there is no evidence showing that any foreseeable act or omission on the part of Officer Cuzzo subjected the plaintiff to imminent harm, any prior actions on the part of Officer Cuzzo were discretionary and outside the exceptions to governmental immunity.
The court, therefore, grants summary judgment as to the count addressed to Officer Cuzzo and the corresponding count addressed to the Town of Orange. The motion for summary judgment, however, is denied as to any counts that are addressed to Geane and, correspondingly, to the Town of Orange.
GROGINS, J.