CITY OF TERRE HAUTE *v.* MYERS

[No. 27,330.   Filed January 15, 1940.]

*William E. Littlefield, Moffett & Moomaw, Charles D. Hunt,* and *Otis Cook,* for appellant.

*George W. Wells, Charles H. Bedwell,* and *James M. Hudson,* for appellee.

ROLL, J.—This was an action brought by appellee against appellant to recover damages for injuries alleged to have been sustained by appellee on February 28, 1937, by reason of alleged negligence of appellant in permitting a dangerous and unsafe condition to exist in a street of the city, and leaving the same unprotected.

The complaint was filed in the Superior Court of Vigo County on April 7, 1937. The venue was changed to the Sullivan Circuit Court, and again to the Greene Circuit Court where the cause was tried, and the jury returned a verdict for appellee. Judgment followed the

verdict, and, after the court overruled appellant's motion for a new trial, this appeal was perfected.

The only error assigned on appeal is the overruling of appellant's motion for a new trial.

Appellant assigns sixty-three causes for a new trial. By its first and second causes for a new trial, the sufficiency of the evidence to support the verdict is questioned. The third and fourth causes say that the amount of the recovery is too large. (These causes for a new trial are not discussed by appellant in its brief, and are therefore waived.)

The other causes for a new trial relate to the giving and the refusal to give certain instructions.

The facts, as disclosed by the record, are substantially as follows:

Wabash Avenue is one of the main, paved streets running east and west through appellant city; Sixth Street runs north and south, and intersects Wabash Avenue near the center of the business district of said city. On Wabash Avenue is located a double street car track. On the southwest corner of the intersection of the above named streets there was a safety zone along and adjacent to the south street car track, about twenty to thirty feet long and four to five feet wide, and marked by painted lines and disks. On or about February 8th, 1937, appellant began to dig a hole or trench about one and a half to two feet wide from the south curb line of Wabash Avenue, and a few feet west of Sixth Street, north to a point near the south line of the safety zone; said ditch was completed in about two weeks thereafter. Said trench or ditch was filled with dirt, bricks and stones; the dirt, bricks, etc., after a few days, packed and sank so that it left a depression some four to six inches below the surface level of the street; the ends and sides of the brick extended above the surface of

the ditch in such a manner that left the surface rough, irregular, and dangerous for persons to travel thereon. On February 28, 1937, appellee, a woman fifty-two years of age, not familiar with the intersection of Wabash Avenue and Sixth Street, was standing on the southwest corner of said intersection, waiting for a street car going east; she saw a street car coming, and she started to cross the street to reach the safety zone and the street car door. She had to go a little west to get to the car door, and, in crossing to reach the street car, she stepped in said excavation and fell, sustaining injury. She did not see the ditch or excavation, as she was watching for automobiles and the street car. The record shows that there was about an inch of snow on the ground at the time, and one witness testified that appellee slipped on the ice and snow. Appellee testified that she slipped in the hole or trench and fell.

It is appellant's contention that the verdict is not supported by the evidence, because, (1) the evidence discloses that appellee fell on the ice and not as a proximate result of any defect in the street. To say the least, on this point, the evidence is conflicting, and the jury had the right to believe appellee on this point, which it evidently did, as the general verdict necessarily finds the appellee has proven the material allegations of her complaint. There was sufficient evidence to support the jury's verdict. Where the evidence is conflicting, this court will not reverse on the sufficiency of the evidence. This proposition has been affirmed so often that the citation of authority is unnecessary. Appellant also contends that the evidence shows appellee guilty of contributory negligence. There is no merit in this contention. The facts as above set out are such that we could not say as a matter of law that appellee was guilty of contributory negligence. In

such a case it is a question of fact for the jury. From appellant's brief, it is evident that such contentions are not taken seriously, as no authority is cited, and no discussion is made. It seems content with making the bare statement without comment or any attempt to press the point in the brief.

Appellant tendered instruction No. 17, which was refused. The instruction read as follows:

"While a Municipal Corporation is required to exercise vigilance in keeping its streets in a reasonably safe condition for public travel, it is by no means an insurer against accidents, nor can it be expected to maintain the surface of its streets free from all inequalities and from every possible obstruction to more convenient travel.

"That a pavement may have become uneven from use, or that bricks therein may have become loose or displaced by the action of the elements, so that persons are liable to stumble, or be otherwise inconvenienced in passing, does not necessarily involve the municipality in liability so long as the defect can be readily discovered and easily avoided by persons exercising due care. (Tr. line 27 on page 70 to line 20 on page 71.)"

In support of its argument that it was reversible error to refuse this instruction, it cites the case of *City of Huntington* v. *First* (1896), 15 Ind. App. 552 at 557, where Ross, J., speaking for the court, said:

"The duty imposed by the law upon a city is that it shall keep its streets and sidewalks in a reasonably safe condition for travel, and when they are in that condition no liability accrues for injuries received by travelers or pedestrians. It is not required to keep its streets and sidewalks absolutely safe, for it is recognized that there will necessarily be slight inequalities and trifling defects and obstructions, and as against these it is the duty of the traveler or pedestrian to exercise care, and see that they do not cause him to be injured."

Concluding without deciding that the law as incorporated in appellant's instruction No. 17, was a correct statement, it will be noted that the rule of law contended for by appellant is in fact set out in the first paragraph thereof. The last paragraph is in the nature of an argument or an illustration of the application of the rule, or, rather, an illustration as to when the rule is not applicable. The court instructed the jury fully upon the duty of the city by instructions Nos. 13 and 16. Instruction No. 13, given by the court, was as follows:

"It is the law that the mere happening of an accident resulting in injury is not of itself sufficient to support a verdict for damages. A defendant cannot be held liable in damages without a showing by a preponderance of the evidence that the alleged injury was the proximate result of the wrongful conduct alleged in the complaint. So, in this case, you are not justified in rendering a verdict in favor of plaintiff unless some act or omission of defendant, which is properly and sufficiently charged in the complaint, was the proximate cause of the injury to plaintiff."

Instruction No. 16 by the court was as follows:

"A Municipal Corporation is not an insurer of the safety of its streets and to fasten a liability upon it for injuries resulting from any defect in its streets it must be affirmatively shown that the Municipality was guilty of negligence. In no instance can there be a recovery unless the Corporation has failed to exercise ordinary care, skill or diligence to make its streets safe for passage."

It must also be noted that the negligence alleged in the complaint was that the city had made an excavation in the street, and (quoting from appellee's complaint),

"That defendant carelessly and negligently suffered, permitted, and allowed said street and excavation and trench in said street, at said intersection

where people traveled, to be, become, and remain loose, uneven, low and so the bricks were standing on edge, and with snow, ice and water therein so said place was slick and so said place was dangerous and unsafe for persons to walk over and travel on said date, * * * and as a result thereof plaintiff slipped, stumbled and fell in said depression, trench, and dangerous place in said street and injured herself."

We quote again from plaintiff's complaint:

"That on February 28, 1937, this plaintiff was walking from the south sidewalk of Wabash Avenue at the southwest corner of said intersection of 6th Street, north to the safety zone and street car to board a street car when she stepped into said excavation and low and uneven place so negligently made and maintained by defendant, and plaintiff thereby and by reason of the negligence of the defendant, aforesaid, fell in said street at said time and place and thereby injured herself in this:"

It is clear from plaintiff's complaint and the evidence that she nowhere contended that the city was liable because it had permitted its streets to become uneven from use, or that bricks therein may have become loose or displaced by the action of the elements. Neither does appellant make such a contention, and no evidence was presented upon that theory. The court, by its instruction No. 3, told the jury that if they should find that the plaintiff was injured in any other way except in the way charged in her complaint, then they should find for the defendant. We are of the opinion that the jury was sufficiently instructed in the law as to the duty of a municipality to keep its streets safe for travel, and as to when it has or has not discharged that duty, as applied to the facts in this case. We find no error in refusing appellant's tendered instruction No. 16.

Appellant says that the court should have given its tendered instruction No. 19, which is in substance the

same as its tendered instruction No. 17, *supra,* and what we said above as to instruction No. 17, is a sufficient answer to this assigned error, and, therefore, we do not think it necessary to extend our remarks on this subject.

The court refused appellant's tendered instruction No. 21. This was not error, for the reason, the court gave instruction No. 3, which fully covered the subject. While the wording is somewhat different, the meaning is identical.

Appellant contends that instruction No. 15, given by the court on its own motion, invades the province of the jury, and should not have been given. This instruction is as follows:

"You are instructed that it was the duty of the defendant, City of Terre Haute, to use reasonable care and caution to keep and maintain its streets in a safe condition for persons to travel and pass over. If you find that defendant failed to do this, and that defendant excavated and cut a trench from the south curb line of Wabash Avenue, at and near the west side of 6th Street of said city, and that such trench and excavation was made by the city and extended out from the south curb to a point near the street car tracks in said city; and if you further find that defendant, city, failed to use ordinary care to repair said excavation and trench and make and maintain said place in said street reasonably safe for persons to travel over at the time and place in question, and if you find that as a proximate result thereof, plaintiff stepped into and slipped and fell in said place and was injured thereby, without any fault on her part contributing to her injuries, then you are instructed that your verdict should be for the plaintiff in this case for the full amount of damages you find plaintiff has sustained."

In pointing out the particular defect in this instruction, appellant says in its brief that:

> "where the doing of any particular act, or the pursuit of, or failure to pursue any particular line of conduct is or is not negligence, is a question for the jury."

This, we think, is true, but the above instruction does no violence to this rule. The instruction places the obligation upon the jury to find whether or not the city exercised reasonable care in keeping its streets in a reasonably safe condition. This is the question of fact to be determined by the jury, and this is what the instruction did. The instruction is not subject to the defect urged by appellant.

Instruction No. 20 is questioned on the ground that it invades the province of the jury. This instruction told the jury that if they find that appellant cut and excavated a trench at the place stated in the complaint, and left it low, uneven, and rough with bricks sloping therein as alleged in the complaint, so that said street was dangerous and unsafe for persons to walk over, then they would be justified in finding that the defendant was guilty of negligence.

We are of the opinion that the statement of the instructions was true. The complaint charged that the city did certain things, and that such conduct constituted negligence on the part of the city. Had appellant demurred to the complaint on the ground that the acts complained of did not show negligence, we think the demurrer should have been overruled. We have just pointed out above, and appellant, in its brief agrees, that it was the duty of the appellant to keep its streets in a reasonably safe condition. If this be true, it certainly would follow that if it maintained its streets in a condition that was dangerous and unsafe for persons to walk over, it would be guilty of negligence. The instruction leaves it to the jury to

find whether it maintained its streets in a condition that was unsafe and dangerous for people to walk over. We find no valid objection to this instruction.

By instructions 22 and 23, the court mentioned the fact that the city has a right to raise money by taxation, and to make assessments for the purpose of repairing and maintaining its streets in a safe condition, and that it was the duty of said city to use the money so raised for that purpose.

Appellant says that, by said instruction, the court called to the attention of the jury the financial circumstances and condition of the defendant, where there was no evidence on that subject in the record, and cites in support of its contention the case of *De Haven* v. *Helvie*, 126 Ind. 82, which in substance held that in an action for seduction an instruction which told the jury that in estimating the amount of damages to be awarded to the plaintiff, they might consider the financial circumstances of the defendant, was erroneous where there was no evidence on that subject.

The distinction between the case cited and the case at bar is obvious, and we think it unnecessary to take any further note of the case in an attempt to point out the reasons why it is not in point here.

Appellant also urges that the instruction is not applicable to the evidence for the reason that no evidence was introduced which showed that the city did or did not raise money by taxation or assessment to keep its streets in repair. It is true that no evidence was introduced or offered on that subject, and while it would seem that an instruction on the subject of how the city obtained money with which to keep its streets in repair was immaterial and not a proper subject of instruction, we are not persuaded that such an instruction was injurious to appellant, or affected it adversely in any

manner. We do not think there was any reversible error in the giving of the above instruction.

Appellant says that it was reversible error to give instruction No. 29, because it was a repetition of instruction No. 25, as to the material points contained therein.

Appellant is in error in his contention that instruction 29 is a repetition of instruction 25. But, even if it be conceded that it is, it would not be reversible for that reason. The purpose of an instruction is to guide the jury in the application of correct principles of law to the facts of the case before them, and in such principles the jury cannot be too firmly grounded, and it has generally been held by the courts, in civil cases, that the repetition of a correct proposition of law is harmless. *Terry* v. *Davenport* (1908), 170 Ind. 74; *Murray* v. *New York etc. R. Co.* (1883), 103 Pa. St. 37; *Gram* v. *Houston* (1895), 45 Neb. 813.

We have discussed all errors presented by appellant's brief and find no reversible error. Judgment is affirmed.