**Michael G. PEAK, Appellant–Defendant,**

v.

**Alice M. CAMPBELL and Jeffrey Campbell, Appellees–Plaintiffs.**

**No. 84A01–9006–CV–254.**

Court of Appeals of Indiana, First District.

Dec. 11, 1990.

Robert D. Hepburn, Cox, Zwerner, Gambill & Sullivan, Terre Haute, for appellant-defendant.

Larry J. Wagner, Effner, Wagner & Crawford, Terre Haute, for appellees-plaintiffs.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

Michael G. Peak (Peak) appeals the judgment in favor of Alice M. Campbell and Jeffrey Campbell (the Campbells) in their

negligence action for damages resulting from an automobile accident. We affirm.

## FACTS

The facts most favorable to the jury verdict are:

While driving to work on May 29, 1987, Alice Campbell was struck from the rear by Peak. Alice experienced pain between her shoulder blades as a result of the accident. Her total medical expenses were approximately $13,000. Expert testimony determined that Alice's earning capacity was impaired in the amount of $203,156.

The sole issue for the jury to consider was the amount of damages because Peak conceded liability. The jury returned a verdict for Alice for $137,000. Peak appeals the jury verdict rendered for Alice.[1]

## ISSUES

We consolidate and restate the issues presented for review:

1. Whether the trial court committed error in refusing to give Peak's tendered instructions nos. 1–3.

2. Whether the trial court erred in permitting opinion testimony about earning capacity impairment.

3. Whether the verdict was excessive.

## DISCUSSION AND DECISION

*Issue One*

■ Peak challenges the trial court's refusal to give three of his tendered instructions. Peak's tendered instruction no. 1 places the burden of proof of proximate cause on the Campbells. Peak's second tendered instruction again explains the Campbells' burden of proof on proximate cause and also instructs the jury not to award speculative damages. Peak's tendered instruction no. 3 informs the jury that it could disregard evidence as the jury deemed appropriate.

In reviewing the refusal of tendered instructions, we must determine whether: 1) the instruction correctly states the law, 2) the evidence in the record supports giving the instruction, and 3) the substance of the instruction is covered by other instructions. *Marathon Petroleum Co. v. Colonial Motel Properties, Inc.* (1990), Ind.App., 550 N.E.2d 778, 783.

Peak's tendered instruction no. 1 is not supported by the evidence. The sole issue for the jury to decide was the amount of damages. Peak's instruction no. 1 places the burden of proof of proximate cause of damages upon the Campbells. The court instructed in Preliminary Instruction No. 1 that the Campbells had the burden of proving the injuries and damages. The trial court properly refused Peak's tendered instruction no. 1, because its substance was covered in Preliminary Instruction No. 1.

The first sentence of Peak's tendered instruction no. 2 is a restatement of his instruction no. 1 and was properly refused for the same reason. The remainder of tendered instruction no. 2 was adequately covered by Preliminary Instruction No. 1 and Final Instruction No. 7. Read together, these instructions direct the jury to compensate Alice for damages proved by a preponderance of the evidence to have resulted from Peak's negligence. Final Instruction No. 7 also prohibits an award based on speculation. The trial court did not err in refusing Peak's tendered instruction no. 2.

Likewise, the court's refusal to give Peak's tendered instruction no. 3 is not error because the substance is adequately covered by the court's Final Instruction No. 2. Final Instruction No. 2 informs the jury that they should determine the weight of testimony and decide which witnesses to believe in the case of conflicting evidence. The trial court properly refused Peak's tendered instruction no. 3.

---

**1.** The property damage incurred in the accident and amounts expended for a rental car, which totalled about $4,750, were sought by Jeffrey along with his loss of consortium claim. The jury awarded Jeffrey a total of $5,000 for his claims, which Peak has waived on appeal for failure to present arguments to contest the award.

*Issue Two*

At trial, Peak objected to the expert opinion testimony of Michael Blankenship about Alice's impaired earning capacity. The trial court overruled Peak's objections to Blankenship's opinion.[2] Peak argues that the opinion should have been excluded because Blankenship is not a physician; therefore, he is not an expert qualified to opine on "disability".

■ The qualification of a witness as an expert lies within the trial court's discretion. *Hughes v. State* (1987), Ind.App., 508 N.E.2d 1289, 1296, *trans. denied.* The witness must have the knowledge, skill, or experience in a field that probably will aid the jury. *Id.* Peak contends a medical degree is necessary to qualify a witness as an expert on disability. Because Blankenship is not a physician, Peak claims his testimony on earning capacity, which assumes the existence of disability, was improper.

■ Although Blankenship does not have a medical degree, the court properly found he was a qualified expert. Expertise foundation was presented during the direct examination of Blankenship. Blankenship testified he was a vocational rehabilitation specialist trained to analyze individual medical situations and their future economic impact. Blankenship's qualifications were adequately established. *See* Record at 388–395. Peak fails to show the trial court erred in allowing Blankenship to testify as an expert.

Peak further contends Blankenship's opinion was improper opinion testimony, because it is based on facts not in evidence, *i.e.* that Alice is disabled. We disagree with Peak's interpretation of "disability" in the context of this case. Blankenship distinguished "disability" from "impairment". Disability is a job-related term; whereas, impairment is a medical term. Record at 399–400. Alice's treating doctors did not find that Alice was disabled. However, all agree that Alice sustained permanent impairment. Blankenship was qualified to express an opinion on "disability" in the job-related context. Based on the facts concerning Alice's impairment, Blankenship gave his qualified opinion as to Alice's disability and related loss of earning capacity typically associated with her type of impairment. We find the opinion was within the subject matter of Blankenship's field of expertise, and the trial court correctly allowed his opinion.

■ In Peak's reply brief, he raises another question regarding the admissibility of Blankenship's opinion. Peak argues the statistics upon which Blankenship based his calculation of Alice's loss were not a proper authority. Peak contends Blankenship's reliance on U.S. census data renders his calculation of loss inadmissible. Peak relies on *Davis v. State* (1984), Ind.App., 476 N.E.2d 127, 134, *trans. denied,* wherein we expressed the need for caution in admitting probability testimony. However, in *Davis,* we also upheld probability testimony where it was not based on speculation. Here, the record reflects adequate questioning to lay a foundation for Blankenship's opinion as to Alice's earning capacity loss. Any question regarding Blankenship's opinion goes to the weight of his testimony, not its admissibility. *Lindsey v. State* (1985), Ind., 485 N.E.2d 71, 73; *Summers v. State* (1986), Ind.App., 495 N.E.2d 799, 804, *trans. denied.*

*Issue Three*

■ Peak complains that the jury verdict for Alice is excessive. Peak contends that Alice's damages were limited to approximately $2,850 of medical expenses. Peak suggests the jury's verdict was based on Blankenship's improper opinion testimony. However, since we find Blankenship's testimony was permissible, the jury could make an award for Alice's impaired earning capacity. Our courts grant the jury broad discretion in determining damage awards. *Groves v. First National Bank of Valparaiso* (1988), Ind.App., 518 N.E.2d 819, 831,

---

**2.** The Campbells erroneously contend that Peak failed to preserve this issue for appeal. Each time Blankenship stated his opinion on Alice's impairment, Peak made continuing objections which the court overruled. *See* Record at 406, 408, 411, and 414.

*trans. denied.* In light of the evidence presented on Alice's damages, the jury verdict is not so outrageous as to indicate it was motivated by improper evidence or passion. *See Id.* We do not find the award excessive.

We affirm the jury's verdict and awards in all aspects.

Affirmed.

SHIELDS, P.J., and ROBERTSON, J., concur.