Michael G. PEAK, Appellant,
(Defendant Below)

v.

Alice M. CAMPBELL and Jeffrey
Campbell, Appellees, (Plaintiffs
Below).

No. 84S01–9109–CV–756.

Supreme Court of Indiana.

Sept. 26, 1991.

Robert D. Hepburn, Cox Zwerner Gambill & Sullivan, Terre Haute, for appellant.

Larry J. Wagner, Effner Wagner & Crawford, Terre Haute, for appellees.

ON PETITION TO TRANSFER

KRAHULIK, Justice.

This case raises the question of whether it is reversible error for the trial court to fail to give a final instruction on the burden of proof in a negligence action when requested by one of the parties to do so. Michael G. Peak (Appellant–Defendant below) seeks transfer after the Court of Appeals affirmed judgment in favor of Alice and Jeffrey Campbell (Appellees–Plaintiffs below) in their negligence action against Peak. *Peak v. Campbell* (1990), Ind.App., 563 N.E.2d 648. Because we conclude that the jury was not instructed properly, we now grant transfer, vacate the opinion of the Court of Appeals, and remand this matter for a new trial.

The facts necessary for our resolution follow. On May 29, 1987, Peak's automobile struck the rear of an automobile driven by Alice Campbell. The Campbells sued Peak for his negligence. Peak admitted a breach of duty, but contested the amount of damages proximately caused by the collision. At trial, Peak sought to have his tendered final instruction nos. 1 and 2 read to the jury. Instruction no. 1 would have informed the jury that the Campbells had the burden of proving that the negligent acts of Peak were a proximate cause of their injuries and damages. The trial court refused to give this instruction because of concerns that the instruction might confuse the jury in connection with Peak's having admitted liability. The first portion of Peak's tendered instruction no. 2 was a restatement of no. 1, and would also have informed the jury that it should not award speculative damages. This instruction was refused for the same reason as no. 1 as to the first part and, additionally, because the second portion was covered by other instructions. The Court of Appeals found no error in the trial court's refusal to read the instructions, concluding that (1) the evidence did not support the giving of an instruction on the burden of proof because Peak admitted liability and (2) the matter of who had the burden of proving damages proximately caused by the accident was covered by preliminary instruction no. 1.

In his petition, Peak claims that he was denied the right to have the jury instructed on a material element of his case, namely, who had the burden of proof on the issue of damages, and that he is entitled to a new trial. We agree.

 It is axiomatic that the elements of a negligence cause of action consist of (1) a duty owed to the plaintiff, (2) a breach of that duty by defendant (3) which proximately causes (4) plaintiff's damages. Whether a duty exists is a question of law. *Webb v. Jarvis* (1991) Ind., 575 N.E.2d 992, 995. In jury trials, the remaining three elements are typically resolved on the basis of proof presented at trial. On each of these three elements, unless the defendant makes admissions, plaintiff has the burden of proof. *City of Indianapolis v. Cauley* (1905), 164 Ind. 304, 311, 73 N.E. 691, 694. If an element is admitted by the defendant, then the plaintiff no longer has the burden of proving the admitted element. Here, Peak admitted that he breached the duty of due care owed to the Campbells when his vehicle struck theirs. Peak did not admit, however, that his breach of duty proximately caused all of the damages claimed by the Campbells. Thus, having not admitted elements 3 and 4, Peak did not remove from the Campbells the burden of proving those elements.

 The purpose of instructions is to guide the jury in the application of correct principles of law to the facts of the case before them. *City of Terre Haute v. Myers* (1940), 216 Ind. 349, 359, 24 N.E.2d 698, 703. A party is entitled to have his theory of the case and the applicable law properly presented to the jury in the instructions. *Indianapolis Horse Patrol, Inc. v. Ward* (1966), 247 Ind. 519, 525, 217 N.E.2d 626, 629. Our standard for deciding whether the trial court erred in failing to give a requested instruction is well known. We determine (1) whether the tendered instruction correctly states the law, (2) whether the evidence at trial supports the giving of the instruction, and (3) whether the substance of the tendered instruction is covered by other instructions given. *Picadilly, Inc. v. Colvin* (1988), Ind., 519

N.E.2d 1217, 1219. Thus, provided that the three requirements set out above are met, a trial court should not refuse an instruction covering the law applicable to the case.

Here, Peak's tendered instruction no. 1 meets the requirements. First, the instruction correctly states the law, because the burden of proving damages is on the plaintiff in a negligence action even if the defendant has admitted a breach of duty. Second, there was evidence presented at trial which, if believed, would have allowed the jury to find that not all of the damages claimed by the plaintiffs were proximately caused by Peak's breach of duty. Third, the substance of the tendered instructions relating to burden of proof were not covered by the other final instructions read to the jury. Final instruction no. 4 defined the term "burden of proof." Instruction no. 5 defined proximate cause. Instructions no. 6 and 7 informed the jury to return damages "which were proved by a preponderance of the evidence to have resulted from the negligence of the defendant." However, no final instruction informed the jury that the Campbells had the burden of proving damages proximately caused by Peak's admitted breach of duty.

The Campbells argue that because Peak failed to request the re-reading of preliminary instruction no. 1, pursuant to Ind. Trial Rule 51(A), he has no reason to complain when one of his tendered final instructions was refused. Alternatively, the Campbells urge us to conclude, as did the Court of Appeals, that the jury was adequately informed about the burden of proof because preliminary instruction no. 1 informed the jury that the burden of proof was on the plaintiffs. The Campbells claim that this concept "obviously was carried out through the trial" and fulfilled the purpose of a final instruction.

■ Our review of T.R. 51(A) reveals that the rule does not contemplate that a party must request that the trial court re-read a preliminary instruction as a final instruction in order to have the jury instructed on issues covered by the preliminary instruction. Neither does the rule contemplate that preliminary instructions will carry over as final instructions. Preliminary instruction no. 1 was an issues instruction, more than a page in length, covering many other matters in addition to the burden of proof. The jury could not be expected to remember one part of such instruction and carry such knowledge over to their final deliberations after having received the final instructions.

■ The functions served by preliminary and final instructions differ. Preliminary instructions, read to the jury immediately after the jury is selected and sworn, are designed to inform the jury of the issues which it must ultimately decide and *some* of the legal principles which it may need to decide those issues. Final instructions, read to the jury immediately before it retires to deliberate and decide the issues, are designed to inform the jury on *all* relevant legal principles needed to decide those issues. These functions are not identical and the function of final instructions is not fulfilled by omitting an applicable principle of law merely because it was covered in the preliminary instructions. Thus, we conclude that Peak was entitled to have the jury receive a final instruction advising them that the burden of proving damages was on the Campbells.

Next, we must decide whether a new trial is warranted as Peak urges. The Campbells assert that a new trial is not warranted because Peak has failed to show that substantial rights belonging to him were adversely affected by the failure of the court to instruct the jury on the burden of proof.

We agree with the Campbells that one seeking a new trial on the basis of improper jury instruction must show "a reasonable probability that substantial rights of the complaining party have been adversely affected." *Sullivan v. Fairmont Homes, Inc.* (1989), Ind.App., 543 N.E.2d 1130, 1140; *Board of Cty. Com'rs v. Arick* (1985), Ind.App., 477 N.E.2d 112, 114; *See also, Raymundo v. Hammond Clinic Assoc.* (1983), Ind., 449 N.E.2d 276, 280. Here, Peak admitted that he breached the duty of reasonable care but denied that the damages sought by the Campbells were

 

caused by such breach. By not informing the jury on one of the fundamental principles of negligence, namely, that plaintiffs have the burden of proving their claimed damages, the trial court effectively hampered Peak's ability to defend on the sole contested issue. We recognize that a party's final argument to the jury frequently utilizes the court's indicated final instructions as the legal backdrop against which the party paints his view of how the facts relate to those legal principles. Clearly, the refusal to include the requested instruction setting forth the burden of proof on the sole contested issue adversely affected Peak's ability to persuade the jury that the Campbells had failed to sustain their burden of proof. Prejudicial error was committed.

Two other issues were raised by Peak in his petition, but, because we reverse on the first issue, we need not decide those additional issues.

Accordingly, this cause is remanded to the trial court for a new trial consistent with this opinion.

SHEPARD, C.J., and DeBRULER, J., concur.

DICKSON, J., concurs in result.

GIVAN, J., dissents with separate opinion.

ON CIVIL PETITION TO TRANSFER

GIVAN, Justice, dissenting.

I respectfully dissent from the majority opinion in this case. I believe the Court of Appeals has decided this case correctly. *See Peak v. Campbell* (1990), Ind.App., 563 N.E.2d 648.

The majority of this Court confuses the duty to prove proximate cause with the duty to prove the amount of damages resulting from the cause. In this case, Peak had stipulated his fault, thus leaving the only issue to be decided by the jury the amount of damages suffered by the Campbells. This left Peak with full latitude to argue that the Campbells had not sustained their burden of proof as to the total damages claimed by them. This is not the same as proving proximate cause.

I would deny transfer in this case.